[No. 5956.]

## C. P. N. BARKER AND MARIA BARKER CLARK *v.* HELEN M. STANFORD, JOSIAH STANFORD, J. M. CUDWORTH, H. C. AVERY, AND A. CHABOT.

SURETIES OF ADMINISTRATRIX.—The sureties on the bond of an administratrix are not responsible for her acts or default in the application of the funds of an estate, after they have, by order of the Probate Court, been turned over to her as a trustee, to be held and managed by her in trust, in pursuance of the will of the deceased.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The plaintiffs alleged that their father, J. Willard Barker, died in the City and County of San Francisco, State of California, on or about the 10th day of September, A. D. 1856, being a resident of said city and county at the time of his death, and leaving both real and personal property therein. That on the 21st day of June, A. D. 1858, upon the petition of Helen M. Stanford, then Helen M. Barker, one of the defendants herein,

and after due proceeding had and notice given, the Probate Court of the City and County of San Francisco made an order appointing said Helen administratrix, with the will annexed, of J. Willard Barker, deceased, and directing that letters of administration, with the will annexed, issue to her upon her giving the bond, according to law, for the faithful execution of the duties of the trust as such administratrix, in the sum of ten thousand five hundred dollars, and upon taking the oath as required by law. That on the 1st day of July, A. D. 1858, Helen filed with the Clerk of the Probate Court her bond in the sum of ten thousand five hundred dollars, with J. W. Cudworth, H. G. Avery, and A. Chabot, the other defendants herein, sureties, and the same was duly approved by the Judge of said Court, and afterwards the said Helen duly qualified, received her letters, and entered upon the duties of the trust as administratrix.

That under the provisions of the will of J. Willard Barker, deceased, and in due course of administration, the plaintiffs became entitled to a certain portion of the estate of the deceased, and on the 8th day of December, A. D. 1875, the Probate Court of the City and County of San Francisco made an order requiring and directing the said Helen M. Stanford, as administratrix of the estate, to pay forthwith to the plaintiffs the sum of nine hundred and ninety-six and forty-two one hundredths dollars in gold coin, together with interest thereon at the rate of seven per cent. per annum, in like gold coin, from the 11th day of July, 1859. That said Helen M. Stanford has neglected and failed to pay the plaintiffs the said sum of nine hundred and ninety-six and forty-two one-hundredths dollars and interest as hereinbefore stated, or any part thereof.

The defendant Josiah Stanford is the husband of Helen M. Stanford, having married her since her appointment as such administratrix. The plaintiffs pray judgment against the defendants, and each of them, for the sum of nine hundred and ninety-six and forty-two one-hundredths dollars, and interest thereon from the 11th day of July, A. D. 1859, at the rate of seven per cent. per annum, until paid, and costs.

The condition of the obligation was as follows: "That whereas, the said Helen M. Barker has been appointed to be

administratrix, *de bonis non*, of the estate of J. Willard Bar-ker, with the will annexed, by the Probate Judge of the City and County of San Francisco, this 21st day of June, 1858; now therefore, if the said Helen M. Barker shall faithfully execute the duties of her trust according to law, then this obli-gation to be void; otherwise to remain in full force and effect."

The material portion of the order of July 11th, 1859, is as follows, to wit: " That the balance of the funds of this estate, being the sum of one thousand four hundred and ninety-four and sixty-five one-hundredths dollars, remain in the hands of said administratrix until the further order of this Court, to be held and managed by her in trust, in pursuance of the provisions of the will of deceased, for the children of deceased."

The sureties had judgment, and the plaintiffs appeal.

*Bartlett & Pratt*, for Appellants.

We contend that the order of July 11th, 1859, does not purport to distribute the portion belonging to the appellants. The Court could not distribute their portion. It was not known where they were, or whether they were in existence or not.

That order simply distributed to Mrs. Barker (now Stanford) her share of the estate, and directed her to hold the balance as administratrix, and use it in a certain way until further order of the Court. That "further order" was made on the 7th day of September, 1875, and directed her to " pay over" to these appellants. This order to " pay over " was the "further order" which the Court on the 11th of July, 1859, especially reserved to itself the right to make. When made, it became, by relation, a part of the so-called " decree of distribution." This order to " pay over" Mrs. Barker, (now Stanford) has never complied with. Hence this action. As to her liability, we suppose there is no doubt. Are the sureties still bound for her delinquencies?

The so-called " order of distribution " made in Probate Court July 11th, 1859, finds the amount to be distributed to the chil-dren of the deceased, and directs "that said sum, being one thousand four hundred and ninety-four and sixty-five one-hun-

dredths dollars, remain in the hands of the administratrix until the further order of the Court." That "further order" was made on the 7th day of September, 1875, and directed the administratrix to pay nine hundred and ninety-six and forty-two one-hundredths dollars of said sum, in gold coin, to these appellants, with interest thereon from July 11th, 1859.

The order of the Probate Court of September 7th, 1875, directing the administratrix to forthwith pay over to the appellants the sum of nine hundred and ninety-six and forty-two one-hundredths dollars and interest, is conclusive upon the administratrix and her sureties; and upon the refusal of the administratrix to obey the same, the liability of the sureties attaches, and they cannot go behind the decree to inquire into the merits of the matter therein passed on. (*Irwin* v. *Backus*, 25 Cal. 214; *Graff* v. *Mesmer*, 52 Cal. 636.)

*Cope & Boyd* and *D. P. Barstow*, for Respondents.

The respondents claim that the decree of distribution disposed of all the residue of the estate: that administration was thereby closed, and the duties of the administratrix then ceased. The mere fact that the Court appointed the administratrix a trustee to take care of and invest this money, instead of some other person, adds nothing to the liability of the sureties. The trust was not imposed upon her because it belonged to her duties in connection with the administration. It was no part of her duties as administratrix "to invest this money to the best advantage, and appropriate the income for the promotion of the best religious and temporal prosperity of the children of testator." She was the most suitable person for that purpose, and was probably selected by the Court for that reason, but such a duty does not belong to the administration of an estate. This money which, during the process of administration, belonged to the estate and was held by the administratrix for the payment of debts, was taken out of the estate and out of her hands as administratrix by the decree of distribution.

The bond is in the ordinary form, and binds the sureties to the faithful performance of her duties as administratrix. Those du-

ties cease with the distribution of the estate fully executed. The property could not have gone to the parties entitled, and still remain in the hands of the administratrix. This money was distributed as effectually, so far as concerns the sureties, as if it had been handed over to the children themselves. It was placed in the custody of a person for them, and so was taken out of the custody of the administratrix as administratrix. There is but one final decree of distribution, and the condition of this money was settled, so far as the administration of the estate was concerned, by this decree of July 11th, 1859.

If the Court erred in this decree, in the disposition of this money, such error cannot be the basis of liability on the part of the sureties. The parties in interest were duly notified of the time and place of the hearing, and were constructively before the Court. Appellant's counsel makes a point of the fact that the record does not show that any attorney was appointed to represent the minors on the hearing; we do not find that the law required an attorney to be appointed in such cases. But the sureties are not bound to answer for the acts of the Court.

Now, if we are wrong in this view of the effect of the distribution, and it is held that the administratrix continued to act as such after the decree, and while this money remained in her hands as trustee, then we submit that the sureties, in simply signing an administration bond, did not intend to become bound for this additional risk.

The liabilities of sureties are *strictissimi juris*, and cannot be extended beyond the reasonable, necessary import of the language of the bond. (*United States* v. *Cheesman*, 3 Sawyer, 424.)

By the Court, RHODES J.:

The order made by the Probate Court, on the 11th day of July, 1859, is an order of final distribution. The funds in the hands of the administratrix were ordered " to be held and managed by her in trust, in pursuance of the will of the deceased, for the children of the deceased "; and she thereupon took the funds and thereafter held them in her capacity as trustee.

Having taken the funds in that capacity, she was no longer subject, in respect to those funds, to the orders of the Probate Court, as the administratrix of the estate of the deceased. The sureties upon her bond as administratrix did not become liable for her acts or default as such trustee in the application of the funds.

Judgment and order affirmed.