JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON,
EDMUND B. LEAMING, JAMES E. HOWELL, VIVIAN M.
LEWIS, JOHN H. BACKES AND JOHN GRIFFIN,
VICE-CHANCELLORS.

In the matter of the estate of WILLIAM T. QUIMBY, deceased.

[Decided October 28th, 1914.]

1. The contract of suretyship is construed strictly and the liabilities flowing from it cannot be extended beyond its precise terms and scope.

2. The duties of an executor and of a trustee under a will are separate and apart, and a substituted administrator *cum testamento annexo* does not succeed to the powers of a testamentary trustee.

3. If an administrator *cum testamento annexo* became possessed of a fund upon the theory that in virtue of his office of administrator he was also trustee under the will of his decedent, and afterwards defaulted with reference to that fund in his assumed capacity of trustee, a suit could not be maintained against the surety on his bond as administrator *cum testa-*

1

*mento annexo,* because the surety's obligation is not to answer for a trustee, but only for an administrator whose duties do not comprehend the execution of a trust, as such.

4. A substituted administrator *cum testamento annexo* can only act as trustee under the will of his decedent by appointment by a court of competent jurisdiction.

On application for funds in court.

*Messrs. Lambert & Stewart,* for the applicant.

WALKER, CHANCELLOR.

The late William T. Quimby, of Morris county, in his last will and testament provided, concerning the balance of his estate, as follows:

"I give to my wife Mary E. the use of one-third so long as she remains my widow. I give the use of the remaining two-thirds to my daughter Anna F. Benbrook, at her decease the same is to go to her children, share and share alike.

"I appoint W. Fred Quimby of Newark, Essex Co., N. J., executor of this my will. I also ask him to act as trustee of this my estate."

After the probate of the will, W. Frederick Quimby, the executor and trustee, and Anna F. Benbrook, a daughter of the deceased, having, under the devise above set out, a vested interest in the real estate of which her father died seized, filed a petition for the sale of the lands of the estate which were thus limited over to Mrs. Benbrook's children; and such proceedings were thereupon had that an order was made for the sale of the lands, which sale was afterwards confirmed, and the proceeds, after payment of costs and expenses, were paid into this court and deposited with the clerk. Afterwards W. Frederick Quimby, executor and trustee under the will, and who qualified as such executor, departed this life, and thereupon Benjamin V. D. Benbrook was, by the surrogate of Morris county, appointed substituted administrator with the will annexed. He qualified as such, and entered into a bond to the ordinary in the penal sum of $7,000, with the American Surety Company as surety (which bond is filed in the office of the surrogate), conditioned to administer the decedent's estate according to law and the pro-

visions of his will. An inventory filed by the substituted administrator *cum testamento annexo* shows that goods and chattels amounting to the sum of $395.57, came to his hands as the entire personal estate of the testator. The proceeds of the sale of the real estate above mentioned, which were paid into court, amounted to the sum of $2,800. It is quite apparent that Mr. Benbrook, the substituted administrator, deems himself also to be the trustee under decedent's will, as he has given bond for more than double the amount of the proceeds of the real estate and the value of the personal property, and now applies for an order that the clerk be directed to pay the fund to him, upon the theory that he is trustee, as well as substituted administrator *cum testamento annexo* of the decedent; and that, without the giving of any bond as trustee to the chancellor in this cause.

I am satisfied that the condition of this bond—that the administrator shall "well and truly administer according to law; and the provisions of said will"—will not operate to secure the estate in the hands of a trustee of the fund.

In *In re Hibbler's Estate, 78 N. J. Eq. 217,* I pointed out that the duties of an executor and those of a trustee are well recognized in law as being distinct; that the general duties of an executor are to collect the effects of the deceased, pay the claims against his estate, and distribute the residue to those entitled, and, although an executor is a trustee in the broadest sense, he is not such in the general acceptation of the term. This case was affirmed by the court of errors and appeals for the reasons given by me in the prerogative court. *S. C., 79 N. J. Eq. 230.*

The contract of suretyship is construed strictly and the liabilities flowing from it cannot be extended by implication beyond its precise terms and scope. *39 Cyc. 648.* A surety's liability is *strictissimi juris. United States* v. *Cheeseman, 3 Sawy. 424, 429.*

In *Stoutenbergh* v. *Moore, 37 N. J. Eq. 63,* Chancellor Runyon held that a trust, created by a will, to invest the residue, pay over the interest, sell or convey real estate at discretion and to keep it in repair, was an active one and did not devolve upon an administrator with the will annexed. This case was affirmed

by the court of errors and appeals for the reason given by the chancellor. *S. C., 38 N. J. Eq. 281.*

The cases concerning the statutory power of an administrator with the will annexed to sell lands are illustrative of the doctrine that the duties of an executor and of a trustee under a will are separate and apart, and that a substituted administrator *cum testamento annexo* does not succeed to the powers of a testamentary trustee. See *Varick* v. *Smith,* 67 *N. J. Eq. 1; S. C.,* 69 *N. J. Eq. 505, 507; Hegeman's Exrs.* v. *Roome, 70 N. J. Eq. 562; Ker* v. *Banta, 71 N. J. Eq. 49; Casselman* v. *McCooley, 73 N. J. Eq. 253.* In the last case Vice-Chancellor Leaming said (at *p. 254*) :

"The trust duties imposed are essentially those of a trustee and should be administered as such, and it is wholly immaterial that the devisee in trust is defined in the will as an executor. Complainant, as substituted executor, succeeds to the powers conferred upon the executor as such, but not to the powers devolved on the executor as trustee with trust duties to perform."

If Mr. Benbrook became possessed of the fund in court upon any theory that he was, in virtue of his office of administrator *cum testamento annexo,* also trustee under the will of William T. Quimby, deceased, and he afterwards defaulted with reference to that fund in his assumed capacity of trustee, I am of opinion that a suit could not be maintained against the surety on his bond as substituted administrator with the will annexed, because the surety's obligation is not to answer for a trustee, but only for an administrator whose duties do not comprehend the execution of a trust, as such.

The case of *Ordinary* v. *Lippincott, 10 N. J. Law 35,* applies on principle. There, upon the death of a testamentary guardian, his administrator assumed to act as guardian also, and, upon failure to account as guardian, he was sued on his administrator's bond, but judgment passed for the sureties upon the ground that the administrator had no authority to act as guardian, nor could his mistake in thus acting in the slightest degree enlarge the extent of his bond or increase the responsibility of his sureties.

A case quite on all fours with the one at bar is that of *Barker*

v. *Stanford, 53 Cal. 451,* wherein Mr. Justice Rhodes observed (at *p. 455*) :

"The order made by the Probate Court, on the 11th day of July, 1859, is an order of final distribution. The funds in the hands of the administratrix were ordered 'to be held and managed by her in trust, in pursuance of the will of the deceased, for the children of the deceased;' and she thereupon took the funds and thereafter held them in her capacity as trustee. Having taken the funds in that capacity, she was no longer subject, in respect to those funds, to the orders of the Probate Court, as the administratrix of the estate of the deceased. The sureties upon her bond as administratrix did not become liable for her acts or default as such trustee in the application of the funds."

It is clear that Mr. Benbrook does not, in virtue of his appointment as substituted administrator *cum testamento annexo* of the will of William T. Quimby, deceased, succeed to the office of trustee created by that will, and that the surety on his bond as such administrator, would not be liable for any defalcation by him as trustee, if he assumed and undertook to act in that capacity. Indeed he could not so act without being appointed trustee. *Varick* v. *Smith, 67 N. J. Eq. 1, 7; Casselman* v. *McCooley, 73 N. J. Eq. 253, 255.* Therefore, an appointment by this court of a trustee under the will of the decedent for the fund in question will have to be made, and that trustee will be obliged to give a bond to the chancellor for the faithful performance of his duties.

An order may be entered appointing Mr. Benbrook trustee under the will of William T. Quimby, deceased, in the place and stead of W. Frederick Quimby, the deceased trustee, and, upon his entering into bond to the chancellor conditioned for the faithful performance of his duties as trustee under the terms of the will and the order, the clerk will be directed to turn the fund in court over to him.