[L. A. No. 1693. Department Two.—August 31, 1905.]

In the Matter of the Estate of EVA AGNES PIPER, Deceased. ARTHUR L. PIPER, Administrator, et al., Appellants, v. THE PEOPLE, Respondent.

ESTATES OF DECEASED PERSONS—DISTRIBUTION OF ESTATE OF WIDOW—ISSUE UPON CHARACTER OF PROPERTY—ESCHEAT TO STATE—FINDING CONCLUSIVE.—Upon a petition for distribution of the estate of a deceased widow, where the rights of the petitioners as heirs of the deceased husband depend upon the allegation that the property to be distributed was common property, and the right of escheat to the state depended upon its character as separate property of the widow, who left no heirs, a finding that it was her separate property is conclusive upon appeal where there is no specification of insufficiency of the evidence to justify the finding.

ID.—APPEAL FROM DECREE—PARTIES NOT AGGRIEVED—MERITS NOT CONSIDERED.—The finding as to separate property being conclusive, the heirs of the deceased husband are not parties aggrieved, and cannot prosecute an appeal from a decree of distribution to the state for support of common schools, nor can the administrator in his representative capacity prosecute such appeal. In such case the merits of the appeal will not be considered.

APPEAL from a decree of the Superior Court of San Diego County distributing the estate of a deceased person. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Hendrick, Wright & Schoonover, for Appellants.

U. S. Webb, Attorney-General, George A. Sturtevant, Deputy Attorney-General, and Cassius Carter, District Attorney, for Respondent.

HENSHAW, J.—Eva Agnes Piper at the time of her death was a childless widow. In the petition for distribution the administrator of the estate set forth that the estate left by the deceased was the proceeds of community property of the deceased and of her husband, A. Dana Piper, who had died before her. The petition contains no allegation touching the relatives of the deceased wife, but alleges that there was no surviving father, mother, brother, or sister of A. Dana Piper; that A. Dana Piper had one brother, who was dead, and who was the father of the petitioner and of certain other children, who had assigned to petitioner their claims upon the estate of the deceased. The petitioner asserted a right to distribution in the children of the deceased brother of A. Dana Piper, under subdivision 9 of section 1386 of the Civil Code, and prayed the court for such distribution. Issue was joined by the state of California upon all these matters, and in its answer to the petition the state affirmatively alleged that the property of the deceased, Eva Agnes Piper, was separate property, and that the decedent died intestate, leaving no husband or kindred and no heirs to take her estate or any portion thereof, under section 1386 of the Civil Code. It alleged that the state was therefore entitled to the whole of the property of deceased by escheat for the benefit of the common schools, and prayed distribution accordingly. (Civ. Code, sec. 1386, subd. 10.) The court, after hearing, found "for the people of the state of California upon the issues joined," and directed the payment of the moneys of the estate to the treasurer of the state of California. From this decree Arthur L. Piper, as administrator, Arthur L. Piper, in his personal capacity, and the other children of Jerome Piper, deceased, brother of A. Dana Piper, take this appeal.

It is urged by respondent that the appellants have no standing in this court, in that they do not show themselves to be parties aggrieved, and the contention of respondent in this regard must be sustained. The only point presented by the appellants upon their appeal is, that the court had no jurisdiction to enter the decree, under the authority of *People*

v. *Roach,* 76 Cal. 296; *Estate of Porter,* 129 Cal. 90, [79 Am. St. Rep. 78, 61 Pac. 659]; and *Martinovich* v. *Marsicano,* 137 Cal. 356. But unless these appellants are parties aggrieved within the meaning of section 938 of the Code of Civil Procedure it cannot matter to them what decree the court may have entered, and the proposition which they present for consideration, not affecting any interest of their own, is but a moot question. The findings of the court are conclusive against them as to the character of the property left by the deceased and as to their alleged relationship. While by section 648 of the Code of Civil Procedure no particular form of exception is required, yet there must be some exception to the decision, when the exception is based upon the ground of insufficiency of evidence to justify the verdict or decision, and the objection must specify the particulars in which such evidence is alleged to be insufficient. The bill here presented contains no specifications of error, no objections for the insufficiency of the evidence. The findings of the court deny to them their asserted right of succession, and these are not objected to. Such being the case, it cannot matter to them what may be the form of the decree which the court has entered. They are not parties aggrieved. A similar question was presented in *Blythe* v. *Ayres,* 102 Cal. 254, [36 Pac. 522]. There the court found the plaintiff to be the daughter and sole heir of the deceased and that certain claimants were in no way related to the deceased. These findings not being assailed and overcome, it was here held that the appellants were not aggrieved and could not be prejudiced or aggrieved by any ruling made by the court in favor of plaintiff, and had no standing as appellants from the decision and judgment in her favor. The administrator in his representative capacity, of course, cannot prosecute the appeal. (*Estate of Williams,* 122 Cal. 76, [54 Pac. 386].)

For the foregoing reasons the court declines to consider the proposition presented by appellants upon their appeal, and the decree appealed from is affirmed.

McFarland, J., and Lorigan, J., concurred.