[S. F. No. 3975. Department Two.—October 25, 1905.]

In the Matter of the Estate of JACKSON WALKER, Deceased. NANCY SILLER BLEVINS, Appellant, v. JOHN H. TROST, FRANK G. WILLIAMS, and JAMES SMITH, Respondents.

ESTATES OF DECEASED PERSONS—DISTRIBUTION UNDER WILL—IDENTITY OF RESIDUARY DEVISEE — FINDING — CONFLICTING EVIDENCE.—Where the will of the decedent made his sister by name, if living at his death, residuary devisee, and otherwise made other disposition of the residue, and the court in making distribution under the will found upon conflicting evidence that a person claiming to be his living sister was not his sister, the finding against her will not be disturbed upon her appeal.

ID.—REOPENING CASE AFTER SUBMISSION—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.—It was not an abuse of discretion to refuse to allow the claimant to reopen the case after submission for further evidence, or to refuse a motion for a new trial for the same evidence as newly discovered, where the proposed evidence was merely cumulative, and it appears that its admission would not have affected the result.

ID.—FINDINGS FOR RESPONDENT—APPELLANT NOT INTERESTED.—Where it appears under the findings that appellant is not the sister named in the will, she has no interest to object to the sufficiency of the findings for the respondents, or of the evidence to sustain a finding that the sister named in the will had died before the death of the testator.

APPEAL from a decree of distribution of the Superior Court of Humboldt County and from an order denying a new trial. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

Gregor & Connick, for Appellant.

J. H. G. Weaver, and Coonan & Kehoe, for Respondents.

McFARLAND, J.—This is an appeal by Nancy Siller Blevins from a decree of final distribution of the estate of Jackson Walker, deceased, and from an order denying her motion for a new trial. Jackson Walker, deceased, died at or near Ferndale, Humboldt County, California, on the ninth day of November, 1901, leaving a will dated and executed on October 14, 1897. The first two clauses of the will provided for the payment of certain expenses, debts, etc., and the material parts of the will are as follows: ''Third. I give and bequeath to my sister, Nancy Siller Walker, of Nashville, Tennessee, if still alive at my death, all the rest, residue, and remainder of my estate of every kind and nature, both real and personal. Fourth. If my said sister, Nancy Siller Walker, is not alive at my death, I direct my executors hereinafter named to pay to any nephews or nieces claiming and proving their relationship to me, the sum of fifty dollars each in full of all claims they may have against me or my estate. Fifth. In the event of my said sister, Nancy Siller Walker, being now dead, then I direct my said executors hereinafter named, after paying all expenses and allowances, to divide equally between themselves and James Smith, justice of the peace, of Ferndale, California, all the rest, residue, and remainder of my estate of every kind and nature, share and share alike. Sixth. I direct my executors and James Smith, if the estate comes to them, to give one fourth of said estate to the trustees of the Ferndale public school, to be used to the best advantage for said school and in such a way as said school trustees and their successors in office may think best. Lastly, I hereby nominate and appoint John H. Trost and Frank G. Williams, of Ferndale, California, the executors of this my last will and testament without bonds, and hereby revoke all former wills by me made.'' The executors obtained letters testamentary, and afterwards, the estate being in a condition to be distributed, they filed a petition to have it distributed to said Trost, Williams, and Smith. Before a decision on the petition, the appellant, claiming to be the Nancy Siller Walker mentioned in the will, filed an opposition to the petition for distribution, and prayed that the property of the estate be distributed to her. Thereafter this issue as to the proper distribution of the estate was tried before the court sitting without a jury, and the court found that the appellant ''is not

the person named in said last will and testament of the said Jackson Walker, deceased, and is not entitled to the whole or any portion of the estate of the said Jackson Walker, deceased." A decree was entered distributing the estate to said Trost, Williams, and Smith.

The main question presented on this appeal is whether or not there was sufficient evidence to justify the court in finding that appellant was not the Nancy Siller Walker mentioned in the will—whether there was a substantial conflict of evidence on that issue, or whether it was so one-sided in favor of petitioner's contention that we should hold that the evidence affords no fair or reasonable support to the finding. The deceased was either born near Wilkesboro, North Carolina, or he was born in South Carolina and brought to the former place shortly after his birth. His parents both died when he was only a few years old, and he seems to have lived during his boyhood with his uncle. He stayed about Wilkesboro until, according to his own statement, he was about twelve years old, and, according to the statement of several witnesses, from fourteen to twenty-one years old. He then left that region and had never been back there. He went to several different places, and finally settled at Ferndale, Humboldt County, California, about 1875, and lived there continuously until his death in November, 1901. His age at his death was somewhere from 65 to over 70 years. Having left his home in North Carolina when a lad, and having had but little if any communication with his relatives, he knew very little about them. The evidence in the case consists of his declarations about his relatives; the testimony of the claimant Nancy Siller Walker given as a witness; the testimony of a number of California witnesses on various subjects; the depositions of a large number of witnesses living in North Carolina and Tennessee, and some documentary evidence. Considering the long period of time since the deceased left his early home, the fact that his parents, who, if living, might have taken special interest in him, were dead, the absence of any trace of him for more than fifty years, and other unusual matters connected with his history, it might well be expected that the issue here involved would be left in great uncertainty and doubt; and such was the fact. The case has been exceedingly well argued upon both sides, and

the learned judge of the trial court delivered a written opinion, copied into the respondents' brief, in which he elaborately discussed the evidence. We fully appreciate the force of the arguments of counsel for appellant, and see that they make a strong showing in support of the claim of their client to be the Nancy Siller Walker named in the will. But we cannot say, considering all the evidence, that there was no reasonable ground for the conclusion reached by the trial court, and therefore cannot hold that conclusion erroneous. And it is quite apparent that it would be useless for us to here discuss the evidence, unless we should refer to nearly all of it; but that would swell this opinion to an intolerable length without any corresponding benefit. As showing the conflicting character of the evidence, we will refer to one or two items of it. The appellant testified—and her case seems mainly to rest on the theory—that she and the deceased were the only children of their father, Sion Walker, and their mother, Nancy Walker, formerly Nancy Hall, and that her father was married only once. But the deceased declared that his father and mother had six children—naming them; and several North Carolina witnesses testified to the same thing, giving the names of the children, as given by the deceased; and, moreover, they testified that Sion Walker was married before his marriage with Nancy Hall. Again, after appellant left North Carolina —when she was fourteen years old—and went to Tennessee, she was called and known, both before and after her marriage, either as Tena, or Christena, and not as Siller. She was married to William L. Blevins in June, 1853, and in the marriage certificate her name appears as Christenah Walker. In 1854, she applied for a bounty warrant under an act of Congress, and in 1855 she made another application for an additional bounty; and in one instance her name appears as Christenor Blevins, and in the other as Christena. The affidavits of witnesses on the application stated her name as Christena, and her age as there stated does not correspond with her age as stated by her at other times. We allude to these matters, not as conclusive, at all, against her claim to be Nancy Siller Walker, but as instances of the contradictions, inconsistencies, confusions, and doubts presented by the evidence which the trial court had to deal with, and as emphasizing our conclusion that we should not interfere with

the finding. Our conclusion is that the evidence warranted the finding of the court to such an extent that, under the rule as to conflicting evidence, we would not be justified in setting it aside.

We see nothing in the other points made by appellant for reversal. After the case had been submitted, the appellant moved the court to set aside the submission and allow her to introduce certain additional evidence. The motion was denied, and appellant contends that for this ruling there should be a reversal. The contention is not maintainable. The matter was within the discretion of the court, and we do not think that the ruling was an abuse of such discretion. The proposed evidence was cumulative, and it appears that its admission would not have affected the result. For the same reason it was not erroneous to deny a new trial on the ground of this evidence as newly discovered.

It is contended that the judgment must be reversed, because the court failed to make certain findings which were necessary to entitle the executors and Smith to a decree distributing the estate to them, and also because the finding that the Nancy Siller Walker named in the will had died before the death of the testator is not supported by the evidence. But it is not necessary to discuss these points, because, as under the findings the appellant is not the said Nancy Siller Walker and has no interest whatever in the estate, she is in no position to contest the decree, it matters not to her to whom the estate is distributed. We have not considered the contention of respondent that there is no valid bill of exceptions in the transcript.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.