[L. A. No. 3777. Department One.—December 11, 1914.]

In the Matter of the Estate of MATILDA WALDEN, Deceased. RACHEL P. MAHER et al., Appellants; FRANK BRYSON, Public Administrator et al., Respondents.

ESTATE OF DECEDENT—PROCEEDING TO ESTABLISH HEIRSHIP—JURISDICTION—APPEARANCE EQUIVALENT TO SERVICE.—In a proceeding, under section 1664 of the Code of Civil Procedure, to establish heirship, where certain parties appeared, after publication of notice, and filed answers to the petition of the one instituting the proceeding, asserting claims as heirs, and asked judgment that they were entitled to have the estate distributed to them, they are in no position to question the jurisdiction of the court. Voluntary appearance is equivalent to personal service.

ID.—DETERMINATION OF RIGHTS OF HEIRS—FINDINGS—WHEN CONCLUSIVE.—In such a case, where the court found that appellants were not related to the decedent and have no interest in the estate, and there is no specification of insufficiency of evidence to support the finding, the finding precludes appellants from questioning the determination that others are entitled to the estate, and they are not aggrieved by such judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Leland S. Bower, for Appellants.

George P. Adams, W. T. Kendrick, and C. M. Stephens, for Respondents Martha Munro, and others.

Claude R. Ball, James F. Ball, and Trusten P. Dyer, for Respondents Joseph Mitchell and others.

J. W. Mowell, for Respondent Henrietta Jones.

Elon G. Galusha, for Respondents William Lattimer and others.

Benjamin E. Page, for Respondent John James Ferguson.

Williams, Goudge & Chandler, for Respondents J. W. Langley and others.

F. C. Austin, for Respondents Sarah J. Faries and others.

C. C. Davis, for Respondents William Wilson and others.

SLOSS, J.—This is an appeal from a decree establishing heirship, entered in a proceeding under section 1664 of the Code of Civil Procedure. The proceeding was instituted by Martha Munro, claiming to be one of the heirs of the decedent. Upon her motion, the court made an order directing service of notice on certain nonresidents by publication, and publication was made. Various persons, including Rachel Maher and Paralie Costa, appeared and filed answers asserting claims as heirs. The default of others was entered, and the matter was heard by the court. The court found that the plaintiff, Martha Munro, and the defendants Wilhelmina Wilson Johnston, Martha Moodie, Sarah Jane Molloy, Robert Ross, and Andrew Ross are the only heirs and next of kin of Matilda Walden, the decedent. It found, further, that neither of the defendants, Rachel P. Maher or Paralie Costa, was or is in any way related or akin to Matilda Walden, or an heir of said decedent, or entitled to any part of her estate. The particular degree of kinship of the plaintiff and the successful defendants was found, and a decree declaring their rights accordingly was entered. (See *Estate of Walden*, 166 Cal. 446, [137 Pac. 35].) From this decree and from an order denying their motion for a new trial the defendants Rachel P. Maher and Paralie Costa appeal. The record on both appeals is embodied in a bill of exceptions.

The jurisdiction of the court below is assailed by the appellants, who question the regularity of every step in the proceedings leading up to the publication of notice. But since

the appellants themselves appeared in the action, and filed a pleading in which they asked judgment that they were entitled to have the estate distributed to them, they are in no position to make these objections, even if it be assumed that the points urged are meritorious in themselves. Voluntary appearance is equivalent to personal service. (Code Civ. Proc., sec. 416.) ''Where the defendant appears and asks some relief which can only be granted on the hypothesis that the court has jurisdiction, it is a submission to the jurisdiction of the court as completely as if he had been regularly served with process.'' (2 Ency. of Plead. & Prac., 625; *Security Loan etc. Co.* v. *Boston etc. Co.*, 126 Cal. 418, [58 Pac. 941, 59 Pac. 296] ; *Zobel* v. *Zobel,* 151 Cal. 101, [90 Pac. 191].) Whether other possible claimants were properly brought before the court is no concern of these appellants. They presented their claim to the court for adjudication as fully as the plaintiff did hers (*Blythe* v. *Ayers,* 102 Cal. 254, [36 Pac. 522],) and having invoked the jurisdiction, they are bound by its exercise, whether the result be favorable or adverse.

The appellants also attack the various findings which declare the kinship and heritable rights of the plaintiff and the successful defendants, and assert that the court erred in admitting evidence bearing on these findings. There is, however, no specification of insufficiency of evidence to support the finding that these appellants themselves are not related to the decedent and have no interest in her estate. This finding stands, therefore, as an insuperable bar to their right to question the propriety of the determination that others are entitled. Having no interest themselves, they are not aggrieved by a judgment which will result in the estate being awarded to the respondents. (*Blythe* v. *Ayers,* 102 Cal. 254, [36 Pac. 522] ; *Estate of Blythe,* 110 Cal. 231, [42 Pac. 643] ; *Williams* v. *Sav. & L. Soc.,* 133 Cal. 360, [65 Pac. 822] ; *Estate of Piper,* 147 Cal. 607, [82 Pac. 246] ; *Estate of Walker,* 148 Cal. 162, [82 Pac. 770] ; *Estate of Fleming,* 162 Cal., 524, [123 Pac. 284].)

These considerations dispose of every contention of the appellants.

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Angellotti, J., concurred.