[S. F. No. 7819.   Department Two.—June 8, 1917.]

In the Matter of the Estate of LOUIS DE ROME, Deceased. LOUIS M. DE ROME, Administrator, etc., Respondent, v. GREAT WESTERN SMELTING AND REFINING COMPANY (a Corporation), Appellant.

ESTATES OF DECEASED PERSONS—ADMINISTRATOR CARRYING ON BUSINESS BELONGING TO ESTATE—LOSS TO BE BORNE BY ADMINISTRATOR.—An administrator of a decedent's estate who assumes the perils of a business belonging to the estate does not, by so doing, subject the estate to the liabilities growing out of his conduct of the enterprise. They are his liabilities and he may pay them out of the increase of the business, but if by so doing a loss to the estate is sustained, he must make that loss good.

ID.—PERSONAL CREDITOR OF ADMINISTRATOR—NOT AGGRIEVED BY ERRORS IN ACCOUNTING WITH ESTATE.—One who deals with an administrator who is conducting a manufacturing enterprise with the property of the estate does so with full knowledge of his situation as a creditor. As a personal creditor of the administrator he is not a "party aggrieved" by errors, if any, in the administrator's accounting with the estate.

APPEAL from an order of the Superior Court of Alameda County settling the final account of the administrator of the estate of a deceased person and decreeing distribution. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Louis H. Brownstone, for Appellant.

Dudley Kinsell, and Mastick & Partridge, for Respondent.

MELVIN, J.—This is an appeal from an order settling the final account in the estate of Louis De Rome, deceased, and decreeing distribution of certain machinery and of $1,067.77 in the possession of the administrator to the widow and the four children of said Louis De Rome.

The record reveals the fact that after his appointment as administrator of the estate of his deceased father, Louis M. De Rome conducted the affairs of the business which was the principal asset of the estate. The elder De Rome had operated a bronze and bell foundry and the business was continued by the administrator of his estate. Admittedly the debt due to appellant was incurred during the period in which the work in the foundry was thus carried on, without order or permission of the court by Louis M. De Rome. Respondent insists that, upon the authority of decisions of this court, notably *Estate of Rose,* 80 Cal. 166, [22 Pac. 86], Great Western Smelting and Refining Company is not a "party aggrieved," and therefore is not entitled to appeal from the order settling the account. (Code Civ. Proc., sec. 938.)

Appellant admittedly is not contending upon this appeal that the estate is liable for its debt, but only is seeking to have the administrator account for money received by him officially and (so it is contended) not properly accounted for. There were two accounts filed. In one the administrator set forth certain payments as "family allowance," but no formal order for such an expenditure had ever been made by the court. Before any proceedings looking to the settlement of this account had been taken a second one was filed omitting all reference to family allowance and taxes. This is the account which was settled. It is argued by appellant that the unauthorized payment of these sums by the administrator amounted to an appropriation of the assets of the estate by him. But there was no showing that this money came from the profits of the business conducted by the administrator, and under the authority of *Estate of Rose, supra,* the estate was not interested except in the profits of that enterprise. Therefore the court held that the administrator could not be compelled in this probate proceeding to account for the money.

From this decision the Great Western Smelting and Refining Company is in no position to appeal. As was said in the

Rose case, the administrator who assumes the perils of the management of a business belonging to an estate does not, by so doing, subject the estate to the liabilities growing out of his conduct of the enterprise. They are his liabilities and he may pay them out of the increase of the business, but if by so doing a loss to the estate is sustained, he must make that loss good. This has been the rule of law for many years, and one who, like the corporation here appealing, deals with an administrator who is conducting a manufacturing enterprise with the property of the estate, does so with full knowledge of its situation as a creditor. Since the liabilities are the administrator's, it follows that errors in his accounting with the estate, if any there be, are not the affairs of his personal creditor. Clearly, Great Western Smelting and Refining Company is not a "party aggrieved" within the meaning of section 938 of the Code of Civil Procedure, and it cannot matter to that corporation what decree the court may have entered. (*Estate of Piper,* 147 Cal. 606–608, [82 Pac. 246] ; *Estate of Walden,* 168 Cal. 759, [145 Pac. 100].)

The order and decree are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.