154 Cal.App.2d 350 (1957)
Estate of CHARLES A. TORRANCE, Deceased. MARION BURKETT et al., Appellants,
v.
JAMES P. DALTON, as Scout Master, etc., et al., Respondents.
Civ. No. 22493. 
California Court of Appeals. Second Dist., Div. Two. 
Oct. 11, 1957.
 Clock, Waestman & Clock and John G. Clock for Appellants.
 Pray & Price, Russell H. Pray, William C. Price, Dale B. Deatherage and Henry F. Walker for Respondents. *352
 MOORE, P. J.
 Appellants are heirs of Anna B. Torrance, predeceased wife of testator Charles A. Torrance. They appeal from a formal order determining heirship entered September 11, 1956, whereby the court found "that all the property and estate of decedent was his sole and separate property; that the heirs of decedent's predeceased spouse have no right, title or interest therein."
 Anna died intestate and without issue on March 8, 1955. Charles died without issue on July 6, 1955, leaving a holographic will dated July 4, 1955, in which he left "everything I own to my heirs at law" with the exception of a specific bequest to a Boy Scout troop which is not involved in this appeal. He named a trust company as executor and the will was admitted to probate August 8, 1955.
 On June 28, 1956, the executor filed a petition under section 1080 of the Probate Code for the determination of heirship. It alleged that it had filed an inventory and appraisement of the assets of the estate; that the entire estate, with a minor exception, had been acquired by decedent and his predeceased wife during their married life as a result of their joint efforts; that it was held in joint tenancy at the time of the death of the wife; that the heirs at law of decedent were a niece, Mary Wooldridge Vogt, and a nephew, Donald T. Wooldridge (respondents on this appeal [fn. 1]); that the heirs at law of the predeceased wife at the time of her death, in addition to her husband, were Marion Burkett, Guy Burkett, Irvin Burkett, brothers, and the following children of a deceased sister: Ethel Sonday, Harry Shippy, and Clay Shippy. All but the latter two are appellants herein.
 Proper notice of the hearing of this petition was given by mail to all of the heirs named in the petition including appellants who were residents of Pennsylvania.
 Prior to the hearing, the respondents Donald T. Wooldridge and Mary Wooldridge Vogt filed a written statement of their claim of interest in the estate in which they alleged they were the only heirs at law of the decedent and that his estate consisted of only separate property.
 One of the heirs at law of the deceased wife, to wit, Harry Shippy, filed a written statement of his interest in the estate of decedent. He alleged that he was a nephew of Anna B. Torrance; that all the assets of the estate of decedent were *353 community property with some exceptions; that said estate was community property of decedent and the predeceased wife and was held in joint tenancy at the time of the death of Anna B. Torrance; that this community property passed to decedent by reason of its community character and because it was held in joint tenancy at the time of the death of Anna; that by virtue of his relationship to the predeceased wife he was entitled to 1/24th of the residue of the estate.
 It appears that there were present at the hearing counsel for the following: the executor; the specific legatee Boy Scout troop representative; Harry Shippy; and the presently appearing respondents, Mary Wooldridge Vogt and Donald T. Wooldridge. Counsel for Harry Shippy withdrew his client's previously filed claim of interest in the estate although it remains as a part of the record. Thereafter, the court, without taking any evidence or testimony other than the unsworn statements of counsel, [fn. 2] found that all property and estate of decedent was his sole and separate property and that the heirs of the predeceased wife, Anna, have no right, title or interest in the estate. Counsel for the executor was directed to draw the formal order from which this appeal is taken.
 On October 11, 1956, the appellants filed their notice of *354 motion [fn. 3] "to set aside order and for a new trial on the petition to determine heirship." This motion was denied on October 29. Appellants proceeded on the theory of insufficiency of the evidence to support the finding that all of decedent's property was his separate estate, and on the ground that the decision was against law. At that time appellants had filed no statement of claim of interest. It appears from the statement of the trial court at the time of the hearing that the motion was denied primarily on the ground that section 1080, Probate Code, requires that any person claiming an interest as an heir in a proceeding to determine heirship must file a petition setting forth the nature of his claim and that unless this is *355 done, he is not a party to the proceeding. The court held that since this had not been done, appellants had no standing in court.
 On November 8, 1956, appellants filed three documents: (a) Statement of claim of interest in the estate in which they alleged that at the time of decedent's death he had an estate in the approximate value of $200,000 which had been held in joint tenancy with his predeceased wife at the time of her death; that appellants were heirs at law of the predeceased wife and by virtue of sections 228 and 229 of the Probate Code were heirs at law of the decedent; (b) a petition to determine heirship which alleged similar facts and was set for hearing on December 10, 1956; (c) notice of motion to set aside the judgment taken against them through mistake, inadvertence surprise or excusable neglect under the provisions of section 473, Code of Civil Procedure, which motion was accompanied by affidavits substantially the same as those filed in connection with the previous motion for new trial. (See footnote 3, supra.)
 On the next day, November 9, 1956, appellants filed notice of appeal from the order determining heirship, entered September 11, 1956, the matter which is now before us. It appears from the record that on December 12, 1956, the motion under section 473 and the petition to determine heirship, filed November 8, 1956, were placed off calendar and no hearing has been had.
 Do Appellants Have a Right of Appeal?
 At the outset we are confronted with the contention of respondents that appellants have no standing to appeal and are not properly before this court. This contention is based upon the fact that at the time of the hearing on August 6, 1956, appellants had filed no written claim of interest under the provisions of section 1080, Probate Code, and that they still had not filed such claim at the time of the hearing October 11, 1956, on their motion to set aside the order determining heirship and for a new trial. Respondents argue, therefore, that appellants are not "parties aggrieved by the judgment or order" within the meaning of Code of Civil Procedure, section 938, relating to appeal, and section 657 relating to a motion for a new trial.
 Respondents rely first upon Blythe v. Ayres, 102 Cal. 254, 260 [36 P. 522]. But an examination of the facts shows the case to be not in point. There the respondent Florence Blythe, *356 in an heirship proceeding under section 1664 of the Code of Civil Procedure was found to be the daughter of the decedent and entitled to his estate. Nearly 200 defendants appeared, claiming to be collateral kin of the decedent. They were associated in certain groups, such as the "Williams" claimants and the "Jones" claimants. In addition to the finding that respondent was entitled to the estate, the court found also that the "Williams" claimants were related to the deceased but that none of the other claimants was. The appellant, who was substituted for the "Jones" claimants, did not contest these latter findings on appeal. The court held that appellant was not a "party aggrieved" because it had already been adjudicated that its predecessors in interest had no claim to the estate. Since no attack was made on that finding, it was no concern of appellant who received the estate. In the Blythe case, the appealing claimants had had their day in court. Here the appellants have not had theirs, but demand it now. Estate of Piper, 147 Cal. 606, 608 [82 P. 246], cited by respondents is equally inapplicable for the same reasons.
 Braun v. Brown, 13 Cal.2d 130 [87 P.2d 1009], also relied upon by respondents, was not a proceeding to determine heirship, but an action for claim and delivery against a public administrator, in which appellant sought to intervene after judgment had been entered. Since his motion was made too late (Code Civ. Proc., 387), it was properly denied. He attempted also to appeal from the judgment; but since he was not allowed to intervene, he was not a party to the record, and therefore not entitled to appeal from the judgment. In the case at bar, appellants became parties of record when they filed their motion to set aside the order and for a new trial. But respondent says that gave them no standing because they had not filed a statement of interest as required by section 1080, Probate Code, citing Estate of Ward, 127 Cal.App.2d 207 [273 P.2d 601].
 In the Ward case we held that the probate court erred in taking evidence relative to claim to estate by a person who has not filed a written statement setting forth his interest in the estate. But we did not hold that in a case such as this a foreign heir is to be forever precluded from his day in court because, through inadvertence or ignorance he failed to file a claim of interest prior to the hearing, particularly where the petition filed by the executor itself sets forth the allegations of property and relationship upon which appellants would rely in their own statement of interest. The reason for our ruling in Ward does not exist in the case at bar. *357
 [1] In 1953 the Legislature amended section 1080 to provide that a petition to determine heirship could be filed by an executor or administrator of an estate. This amendment was not in effect at the time the proceedings in Estate of Ward, supra, were instigated in the superior court. Prior to the amendment, it was incumbent on an interested heir to file his petition. Now the executor or administrator has the authority and may, as in the instant case, set forth his theory of the manner in which the estate should be distributed. Unless someone claiming to be an heir objects, there is no longer a necessity for the filing of a statement of interest. The heirs who come within the allegations of the petition are already represented. Those who do not must file their claims.
 [2] In the instant case, there was before the court at the time of the hearing the verified petition of the executor which set forth the relationship of appellants to the predeceased wife and alleged that the major portion of the estate was acquired by decedent and his wife during their married life as a result of their joint efforts and was held by them in joint tenancy at the time of the death of the wife. The statement of interest filed by Harry Shippy contained the same allegations. The interest of appellants was the same as that of Harry Shippy. If he had not abandoned his claim (presumably for a consideration) and had prevailed at the hearing, appellants would have been entitled to their proportionate shares upon distribution regardless of whether they had filed a statement of interest. A finding that the property was community in character would have made not only Harry Shippy, but appellants also heirs at law of the decedent and would have entitled them to distribution under the terms of the will. Are appellants to be foreclosed because, as alleged in their affidavit, they mistakenly believed their interests were being protected by Harry Shippy and his counsel? Since the order denying the new trial is nonappealable, appellants correctly appealed from the order determining heirship. As aggrieved parties, appellants are entitled to maintain this appeal.
 Insufficiency of the Evidence
 [3] We have previously set out in full the so-called evidence upon which the court made its finding that all the estate was the separate property of decedent. The court had before it the petition of the executor alleging the property to be community in character and declaring the relationship of *358 the heirs of the predeceased wife, including appellants. There was also on file the statement of interest of respondents alleging the property to be separate, but not denying the relationship of appellants. In view of these conflicting documents, there was presented to the court an issue of both fact and law as to the nature of the property which required the taking of evidence.
 While it is true that the executor represents all the heirs and cannot favor one over the other, yet even in the absence of statements of claims of interest on behalf of any of the heirs of Anna, the predeceased wife, the allegations in the executor's petition were sufficient to raise the issue as to the nature of the property and to require a trial of that issue. Even if there was no duty on the executor to substantiate its allegations, it was the duty of the court to distribute the property in accordance with the terms of the will, that is "to my heirs at law." This it could not do without determining the nature of the property. Having been apprised that there were heirs of Anna who would be entitled to a portion of any community property, it was prejudicial error for the court to accept the statement of respondents' counsel that it was all separate property. A judge sitting in probate has a duty to protect both the estate and the heirs. Under the facts of this case, he should have been put on notice that there were heirs of Anna whose rights were not being protected.
 [4] But respondents contend that the order is sustained because there is a presumption that the property of a single man is his separate property. They have cited Estate of Adams, 132 Cal.App.2d 190, 203 [282 P.2d 190], as authority for such presumption. But they are met by the petition and other documents and the fact that the husband had died only four months after the wife. Is it reasonable to even assume, much less presume, that in those four months he had by his hands alone accumulated an estate of nearly $200,000?
 There is a presumption under section 164 of the Civil Code that property acquired during marriage is community property, and this presumption is a form of evidence. (Estate of Jolly, 196 Cal. 547, 553 [238 P. 353].) The court had before it in the petition and the other documents sufficient information to put it on notice that at least a portion of the estate was acquired during marriage and therefore was community property, regardless of whether anyone appeared to offer evidence on the subject. The executor's petition was sufficient to raise *359 the issue and it was the duty of the court to require some evidence in support of respondents' claim that the estate was all separate property.
 [5] Section 1081, Probate Code, requires that there be a jury trial in proceedings brought under section 1080, unless waived. This clearly contemplates that there be a formal hearing and that the findings be based upon substantial evidence, not upon informal statements of counsel. There is insufficient evidence to sustain the finding and order of the trial court. Appellants have on file their statement of interest and claim. In view of the conclusions herein expressed, it will not be necessary for the trial court to pass upon appellants' motion under section 473.
 The order is reversed.
 Fox, J., and Ashburn, J., concurred.
 "The Court: Number 74 and Number 75 on the calendar, Torrance."
 "Mr. Barnes: Your Honor, claimant Harry Shippy, whom our office represents, moves the Court to remove his Statement and Claim of Heirship."
 "The Court: That is in both matters or just one?"
 "Mr. Barnes: As to the petition on the part of the Executor, I believe."
 * * *
 "The Court: According to the Commissioner's note, these [sic] are allegations that $5,220.00 was a separate property of the decedent and the balance of the property other than 231 shares of stock were in joint tenancy with the predeceased spouse, and a niece and nephew would take one- half of the separate property. Who were the niece and nephew?"
 "Mr. Deatherage: The niece and nephew are Mr. Wooldridge and Mrs. Vogt of the deceased husband."
 The Court: Three brothers and two nephews and a niece of a predeceased sister of the predeceased spouse may be entitled to share in the estate under section 228; how about that?
 "Mr. Deatherage: Well, Your Honor, the presumption is, of course, that it is separate property, and I think that under the case law the presumption--they have to show their--the statutory heirs under Section 228 are required to show their relationship to the predeceased spouse and also establish that it was community property, and the notice of the determination of the heirship has been--notices of that have been given to the statutory heirs. Therefore, it is presumed to be separate property in the deceased."
 "The Court: Is it your contention that there is no community property involved?"
 "Mr. Deatherage: Yes, Your Honor."
 "The Court: Could anyone contend otherwise?"
 "Mr. Barnes: Your Honor, we have withdrawn our statement claim, which was formerly our position."
 "The Court: You represent__________"
 "Mr. Barnes: Harry Shippy."
 "The Court: Is there anything further on behalf of anyone?"
 "Mr. Deatherage: I believe that covers it. * * *"
 "The Court: ... In Number 74 the petition is granted. The Court finds that all of the property and estate of the decedent was his sole and separate property, and that the heirs of the decedent's predeceased spouse have no right, title or interest therein. Do you want an order as to his heirs at law? I think you better have one."
 "Mr. Polhill: As representative of the bank, the Executor, that should be made, Your Honor."
 "The Court: The decedent's only heirs at law are Mary Wooldridge Vogt, a niece, and Donald T. Wooldridge, a nephew. I think that is all you need in Number 74. Is there anything else that you need in Number 74?"
 "Mr. Polhill: I don't know."
 "The Court: Does this order cover your Number 74 petition?"
 "Mr. Polhill: In brief the order is that the niece and nephew of the deceased are the heirs at law--are the sole heirs at law, and that the heirs of the predeceased spouse have no interest in the estate."
 "The Court: I think that will cover it. Will you draw the order in Number 74?"
 "Mr. Polhill: I will draw it."
NOTES
[fn. 1] 1. The trust company as executor, Harry Shippy, and the representative of the Boy Scout troop are also named as respondents in the notice of appeal, but have not filed briefs in this court.
[fn. 2] 2. The following, insofar as it applies to this appeal, is a verbatim account of the hearing. Mr. Barnes is counsel for Harry Shippy; Mr. Deatherage for the heirs of the decedent, appearing respondents herein, and Mr. Polhill for the executor.
[fn. 3] 3. Filed with the notice of motion was an affidavit signed by all appellants setting forth their interest in the estate, allegations indicating the property was community property, and further alleging facts indicating appellants had been under the misapprehension that their interests were being taken care of by Harry Shippy and his counsel at the first hearing. This latter statement was corroborated in an affidavit by Mr. Stroup, appellant's Pennsylvania attorney. At the hearing, it was found that these affidavits had not been served on opposing counsel and counsel for appellants proceeded without reliance on them.