[Civ. No. 5960.   Fourth Dist.   Feb. 26, 1959.]

Estate of MARTIN F. DWYER, Deceased.   UNITED STATES OF AMERICA, Appellant, v. BERTA L. DWYER, as former Administratrix, etc., et al., Respondents.

Charles K. Rice, Assistant Attorney General, Lee A. Jackson, L. W. Post, Helen A. Buckley, Laughlin E. Waters, United States Attorneys, and Edward R. McHale, Assistant United States Attorney, for Appellant.

Blodget, Gilbert & Cochran, John H. Gilbert, Jr., Sims & Wallbert, Maurice H. Wallbert and Bertram H. Ross for Respondents.

GRIFFIN, P. J.—Decedent, Martin F. Dwyer, a painting contractor, died June 5, 1955. His wife, Berta L. Dwyer, was duly appointed administratrix of his estate on June 24, 1955, and was then authorized and directed by the court to continue the operation of his painting business and to complete the performance of existing contracts. Respondent Fidelity and Deposit Company of Maryland became her surety under the usual bond (Prob. Code, § 541). She continued to operate the business and employed a considerable number of employees in this work. In June, 1956, the administratrix filed United States Treasury Form Number 941 (Employees' Quarterly Federal Tax Return) without payment of the amount indicated. She listed the particular quarter included, covering the number of employees, wages paid, amount withheld, and the F.I.C.A. taxes withheld. Early in 1956 the administratrix became ill and was in a sanitarium. About April 16, 1957, she was removed as administratrix of the estate, she never having filed an inventory and appraisement. She was ordered to file her account. The United States of America filed a statement of claim for taxes due and entered written objections to her first account and petition for discharge which she filed on June 4, 1957. In summary, the account showed total debits of $133,730.19, and total credits of $134,669.72, resulting in a loss of $939.53 to the estate. There were no other assets indicated. It is conceded that the administratrix commingled all the funds she received, including the withholding and F.I.C.A. taxes she withheld from the wages of her employees and that such funds were "put back" to help pay the wages, creditors, and for the general operation of the business which resulted in the loss indicated.

The court found generally in accord with these facts but specifically found that certain creditors had been paid; that the former administratrix conducted herself fairly and honestly in reference to the administration of said estate and was not guilty of fraud, dishonesty or gross negligence; that no state or federal statute creates any preference in favor of the United States of America as to payment of withholding taxes under the conditions described; that the monies withheld were held by her as "trustee" in trust for the United States of

America, distinct and separate from her capacity as administratrix and were never held by her in her capacity as administratrix. Accordingly, the objections of the United States of America were overruled, her account was approved and allowed, and she was discharged as such former administratrix and her surety was exonerated. Appellant appealed from these orders. ■ Previously, the court, on January 20, 1958, made a skeleton minute order to the same effect, omitting certain essential portions of a valid minute order from which appellant also, by way of precaution, attempts to appeal. It does not appear that an appeal lies from such a minute order as is here involved. (*Estate of Mills*, 111 Cal.App.2d 83 [243 P.2d 889] ; Prob. Code, § 1240; Rules on Appeal, rule 2(a).) The attempted appeal therefrom should be dismissed.

■ We will consider the points raised on the appeal from the signed order, which follows the findings of fact and conclusions of law prepared by the trial judge. Respondents argue that obligations incurred by the estate in favor of creditors who furnish goods and merchandise to the personal representative in connection with the operation of the business of a decedent by the personal representative, pursuant to valid court order, are not expenses of the administration of the estate, and are not entitled to priority in payment, citing such authority as *Estate of Allen*, 42 Cal.App.2d 346 [108 P.2d 973] ; *Estate of Smith*, 16 Cal.App.2d 239 [60 P.2d 574] ; and Probate Code, section 572. Respondents concede the withholding taxes were required to be deducted from wages owing to employees of the business, and that the withheld funds then became impressed with a trust in favor of the Government.

Section 3102, Internal Revenue Code, 1954, chapter 21, Federal Insurance Contribution Act, subchapter A, titled Tax on Employees, 26 U.S.C.A. section 3102, subdivision (a), provides: "The tax imposed by section 3101 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid." Subdivision (b) : "Every employer required so to deduct the tax shall be liable for the payment of such tax. . . ."

Chapter 24, section 3401, subdivision (d) defines employer as "For purposes of this chapter the term 'employer' means a person for whom an individual performs or performed any service, of whatever nature, as the employee of such person, . . ."

Section 3403 provides: "The employer shall be liable for

the payment of the tax required to be deducted and withheld under this chapter . . .'' Section 6011, subdivision (a), states: ''When required by regulations prescribed by the Secretary or his delegate any person made liable for any tax imposed by this title, or for the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary or his delegate. . . .''

Section 7501, subdivision (a), provides the general rule that ''Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. . . .''

Respondents claim in their brief that it may be true that in failing to pay the claim of the United States for taxes accruing in connection with the operation of the business here concerned, after the death of the decedent, respondent Dwyer committed an error of judgment and that it may be conceded that she made a mistake; but it cannot be said that her act in failing to pay such taxes amounted to fraud or gross carelessness or mismanagement. They accordingly argue that the personal representative of an estate who acts in good faith and is not guilty of fraud or gross negligence in connection with the operation of the business of a decedent pursuant to a court order, is not chargeable with losses flowing therefrom, citing such authority as *Estate of De Rome*, 175 Cal. 399 [165 P. 919]; *Barker* v. *Stanford*, 53 Cal. 451; and *Estate of Werfel*, 116 Cal.App.2d 167 [253 P.2d 79].

The relationship of the United States in this probate proceeding, in respect to the monies withheld and required by law to be withheld by the employer, the administratrix, is not the same as that of a general creditor in respect to after-death claims. Berta L. Dwyer, in her capacity as administratrix of the estate, as distinguished from her personal capacity, was the employer, was obligated by law as such to withhold such funds and taxes from the pay of the employees, and while holding such funds she, as administratrix, and not in her personal capacity, was acting as trustee, and was required, under the law, to account to and pay over such funds to the United States. The undisputed evidence shows, as such administrartix and trustee, she failed to do so. Regardless of the finding of the trial court of lack of fraud or gross neglect, there was a violation of her duty as such administratrix to follow the law

in this respect. Accordingly, she should be held accountable as such administratrix and should be surcharged as administratrix with respect to these trust funds, where no assets remain in the estate out of which indemnification can be had. (*United States* v. *Lassiter*, 48 A.F.T.R. 1219, 54-2 U.S.T.C. par. 9650; *Standard Oil Co.* v. *Hawkins*, 74 F. 395 [20 C.C.A. 468, 33 L.R.A. 739]; *United States* v. *Sampsell*, 193 F.2d 154; *Hercules Service Parts Corp.* v. *United States*, 202 F.2d 938.)

It therefore appears that the orders under consideration should be reversed; that in face of the objections of the United States to the first account the former administratrix should be surcharged in the amount to be found due. ■ The surety on the bond of a personal representative of an estate is not liable for the default or misapplication by the personal representative in connection with or of the assets of the estate until the liability of the personal representative has been determined by an order or decree of the probate court, and such order or decree has become final. (*Nickals* v. *Stanley*, 146 Cal. 724 [81 P. 117]; *Weihe* v. *Statham*, 67 Cal. 84 [7 P. 143]; *Richardson* v. *Royal Indem. Co.*, 21 Cal.2d 557 [134 P.2d 1]; *Burns* v. *Massachusetts Bonding & Ins. Co.*, 62 Cal.App.2d 962 [146 P.2d 24].)

Lastly, appellants complain because the trial court sustained an objection to an offer by appellant objector, United States, to the introduction in evidence of what purported to be a certified copy of the accounts of the taxpayer in respect to taxes due, as reflected by the public records of the United States Bureau of Internal Revenue, Los Angeles District. The certificate proffered fully conforms to the provisions of sections 1918, 1920, 1923, and 1924 of the Code of Civil Procedure and would not be hearsay or inadmissible, as contended by the trial court, except for the possible exception that the certificate bears a purported rubber-stamp signature of one ''R. A. Riddell,'' under the title ''District Director of Internal Revenue.'' The official seal of the department is affixed. Whether this form of signature is sufficient to conform to section 1923 of the Code of Civil Procedure where proper objection is taken thereto, is problematical. (*People* v. *Brussel*, 122 Cal.App. Supp. 785 [7 P.2d 403]; Code Civ. Proc., § 1875.) However, since the orders involved must be reversed, on a new hearing any deficiencies or questions that might arise in reference to its authenticity could be clarified to the satisfaction of the court by additional proof.

The attempted appeal from the minute order is dismissed. Orders reversed.

Mussell, J., and Shepard, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 22, 1959. Schauer, J., was of the opinion that the petition should be granted.