[Civ. No. 8213.   Fourth Dist., Div. Two.   Feb. 14, 1966.]

Estate of MARTIN F. DWYER, Deceased. UNITED STATES OF AMERICA, Claimant and Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Surety for former Administratrix, Appellant.

*Assigned by the Chairman of the Judicial Council.

Maurice H. Wallbert for Appellant.

Manuel L. Real, United States Attorney, Loyal E. Keir and Ronald S. Morrow, Assistant United States Attorneys, Mitchell Rogovin, Assistant Attorney General (United States), Richard M. Roberts, Acting Assistant Attorney General, Meyer Rothwacks, Gilbert E. Andrews, Fred Youngman and Lee A. Jackson for Claimant and Respondent.

McCABE, P. J.—Appellant, as surety on the qualifying bond of Mrs. Dwyer, appeals from an order of the trial court surcharging Mrs. Dwyer, as former administratrix, for an amount of money.

The facts are set forth in the former appeal (*Estate of Dwyer*, 168 Cal.App.2d 264 [335 P.2d 718]). "Martin Dwyer, a painting contractor, died June 5, 1955. His wife, Berta L. Dwyer, was duly appointed administratrix of his estate on June 24, 1955, and was then authorized and directed by the court to continue the operation of his painting business and to complete the performance of existing contracts. Respondent Fidelity and Deposit Company of Maryland became her surety under the usual bond (Prob. Code, § 541). She continued to operate the business and employed a considerable number of employees in this work. In June, 1956, the administratrix filed United States Treasury Form Number 941 (Employees' Quarterly Federal Tax Return) without payment of the amount indicated. She listed the particular quarter included, covering the number of employees, wages paid, amount withheld, and the F.I.C.A. taxes withheld. Early in 1956 the administratrix became ill and was in a sanitarium. About April 16, 1957, she was removed as administratrix of the estate, she never having filed an inventory and appraisement. She was ordered to file her account. The United States of America filed a statement of claim for taxes due and entered written objections to her first account and petition for dis-

charge which she filed on June 4, 1957. In summary, the account showed total debits of $133,730.19, and total credits of $134,669.72, resulting in a loss of $939.53 to the estate. There were no other assets indicated. It is conceded that the administratrix commingled all the funds she received, including the withholding and F.I.C.A. taxes she withheld from wages of her employees, and that such funds were 'put back' to help pay the wages, creditors, and for the general operation of the business which resulted in the loss indicated.

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"The relationship of the United States in this probate proceeding, in respect to the monies withheld and required by law to be withheld by the employer, the administratrix, is not the same as that of a general creditor in respect to after-death claims. Berta L. Dwyer, in her capacity as administratrix of the estate, as distinguished from her personal capacity, was the employer, was obligated by law as such to withhold such funds and taxes from the pay of the employees, and while holding such funds she, as administratrix, and not in her personal capacity, was acting as trustee, and was required, under the law, to account to and pay over such funds to the United States. The undisputed evidence shows, as such administratrix and trustee, she failed to do so. Regardless of the finding of the trial court of lack of fraud or gross neglect, there was a violation of her duty as such administratrix to follow the law in this respect. Accordingly, she should be held accountable as such administratrix and should be surcharged as administratrix with respect to these trust funds, where no assets remain in the estate out of which indemnification can be had.".  .  .  .

"It therefore appears that the orders under consideration should be reversed; that in face of the objections of the United States to the first account the former administratrix should be surcharged in the amount to be found due. The surety on the bond of a personal representative of an estate is not liable for the default or misapplication by the personal representative in connection with or of the assets of the estate until the liability of the personal representative has been determined by an order or decree of the probate court, and such order or decree has become final. . . ."

"Orders reversed."

The remittur was filed by the clerk of the superior court on May 22, 1959. Thus, the matter rested until February 24, 1964, when the United States of America (appellant

in *Estate of Dwyer, supra,*) filed its petition for issuance of citation, praying that Mrs. Dwyer, as former administratrix, and Fidelity and Deposit Company of Maryland (hereinafter referred to as Fidelity) show cause why they should not pay Government the sum of $26,161.36 plus interest. Upon the hearing of the petition, Fidelity raised the question of the trial court's jurisdiction to hear the matter. On July 1, 1964, the petition of Government was denied. On November 24, 1964, Government filed a petition for issuance of citation directed to the former administratrix and notice was given to Fidelity. At the hearing, Fidelity appeared and objected to the jurisdiction of the court. Later, and upon order of court, the former administratrix (Mrs. Dwyer) filed an amended account of her administration. Such account reflected the identical amount of loss reflected in *Estate of Dwyer, supra.* Government filed an objection to the amended account. Upon the hearing, Fidelity objected upon the ground of no jurisdiction in the trial court except to dismiss the objections of Government under the provisions of section 583, Code of Civil Procedure. The trial court ruled it had jurisdiction and refused to grant the request to dismiss. The trial court made its determination, signed and filed a formal order surcharging the former administratrix (Mrs. Dwyer) with $27,383.20. This appeal was taken from that order.

The only issue presented is: Did the trial court have jurisdiction to make the order from which this appeal is prosecuted?

Appellant argues that the last sentence of section 583, Code of Civil Procedure, is controlling because of section 1233, Probate Code. That part of section 1233 which may be applicable to the present case reads: ". . . Except as otherwise provided by this code or by rules adopted by the Judicial Council, the provisions of Part 2 of the Code of Civil Procedure are applicable to and constitute the rules of practice in the proceedings mentioned in this code with regard to trials, new trials, appeals, and all other matters of procedure.''

In part, section 583, Code of Civil Procedure, reads as follows: ". . . When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion,

unless brought to trial within three years from the date upon which remittur is filed by the clerk of the trial court.''

Government argues (1) the reversal ordered in *Estate of Dwyer, supra,* did not remand the matter for a new trial within the purview of section 583, Code of Civil Procedure; (2) the former administratrix (Mrs. Dwyer) was required and obligated to file an amended account, which responsibility cannot be the subject of limitations; (3) the former administratrix cannot be relieved of her continuing obligation to account or release her surety by not filing an account, and when she does, regardless of the time, Government may object and file exceptions to the account and force a surcharge; (4) regardless of other argumentation, Government can never be barred by laches or any state statute of limitations.

That portion of pronouncement in *Estate of Dwyer, supra,* which read, ''. . . in face of the objections of the United States to the first account the former administratrix should be surcharged in the amount to be found due, . . .'' requires a conclusion that the former administratrix was required to file another accounting and thus there would be a surcharge in an amount to be determined. Since the first accounting was a nullity, obviously, this determination would have to be made by the trial court from a new accounting to be filed. Thus, the obligation to proceed was not upon Government, but upon the former administratrix.

Appellant Fidelity argues that section 583, *supra,* is mandatory and requires a dismissal, citing *McDonnell* v. *American Trust Co.,* 178 Cal.App.2d 325 [2 Cal.Rptr. 826]; *Booth* v. *Los Angeles County,* 69 Cal.App.2d 104 [158 P.2d 401]; *Legg* v. *United Benefit Life Ins. Co.,* 136 Cal.App.2d 894 [289 P.2d 553] and further the cited dismissal provisions apply to probate proceedings. *Voyce* v. *Superior Court,* 20 Cal.2d 479 [127 P.2d 536]; *Estate of Daniels,* 120 Cal. App.2d 284 [260 P.2d 991].

This argument is based upon an assumption that upon the reversal, the same matter would be before the trial court for a retrial of the same issues. This is an unwarranted assumption. In *Estate of Dwyer, supra,* the court nullified the first accounting and stated the amount of the surcharge would be determined from a new accounting to be filed by Mrs. Dwyer. Since the duty to comply with section 921, Probate Code, by filing a proper and accurate accounting was upon Mrs. Dwyer, she cannot fail to fulfill her legal obligation, wait a

period of time and then use her failure to defeat the rights of others who had no obligation to act in the interim period. The cases cited by appellant are not in point here for in each case there was affirmative action, i.e., an obligation to go forward on the part of the party against whom the ruling was made. Such is not the situation presented on this appeal.

The provisions of section 583, Code of Civil Procedure, and section 1233, Probate Code, are not applicable to the facts of this appeal. The trial court having jurisdiction and there being no objection to the amount fixed by the trial court to be surcharged, the order was proper.

Order appealed from affirmed.

Kerrigan, J., and Tamura, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 13, 1966.