Justin WERNER, John Werner and Margaret Runnion, Appellants (Plaintiffs below),

v.

AMERICAN SURETY COMPANY OF NEW YORK, Appellee (Defendant below).

No. 3542.

Supreme Court of Wyoming.

Feb. 1, 1967.

Alfred G. Kaufman, Jr., Douglas, for appellants.

W. J. Wehrli, of Wehrli & Williams, Casper, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The appeal in this case questions whether devisees under a will are entitled to recover interest on the principal amount paid by a bonding company for defalcations of an executor bonded by it; whether such devisees can require the bonding company to pay attorney fees for the attorney representing the devisees; and whether lawyers for the testator's estate, who were also executors of the estate, were entitled to charge both attorney fees and executor fees.

Justin Werner, John Werner, and Margaret Runnion, devisees under the will of O. D. Ferguson, Jr., deceased, brought suit in the district court of Converse County, Wyoming, directly against American Surety Company of New York, for defalcations of R. C. Maurer, one of the executors of the Ferguson estate. R. C. Maurer and Joseph Garst, partners in the practice of law, were joint executors. They were bonded by the surety company. Both executors are now deceased. Neither of them nor their representatives were sued or made a party to the action brought against the surety company.

Judgment was obtained by the plaintiff-devisees for the principal amount of all defalcations. We are given to understand no further disputes exist with respect to the extent of the defalcations for which plaintiffs were entitled to recover. However, on appeal to our court, the devisees, as appellants, claim:

1.  They were entitled to recover 7% interest on all principal sums which the bonding company has been required to make good;

2.  They were entitled to recover from the bonding company a reasonable attorney's fee for their own attorney; and

3.  They were entitled to be reimbursed a proportionate share for excessive fees charged by Maurer and Garst as attorneys and executors for the Ferguson estate, such attorneys having charged both the statutory fee as attorneys and the statutory fee as executors.

*Interest*

As to interest, the bonding company insisted in the district court and still insists to us that appellants cannot recover against the surety in the absence of having proceeded against the executors. Also, that interest is not recoverable in any event until there is a fixed and determinate amount which could have been tendered and interest thereby stopped; and that no amount was fixed as the amount owing in this instance until the district court judgment was rendered.

The obligation assumed by American Surety Company of New York, in its bond, was to the effect that if R. C. Maurer and Joseph Garst as executors "shall faithfully execute the duties of the trust according to law, then this obligation to be void, otherwise to remain in full force and effect." The bond, of course, was in effect during the administration of the estate. Then, several years before the present suit was initiated, a final decree of settlement and distribution was entered, providing among other things the following:

"That it is further ordered that said estate be and the same hereby is closed and that Joseph Garst and R. C. Maurer be and they are hereby discharged as co-executors and their bondsman released from further liability."

It should be obvious under the terms of the surety company's obligation that, before liability could be adjudged against the surety, there would have to be an adjudication that the executors had violated their duty in some respect; and the extent thereof would need to be reduced to a money judgment. Or, in lieu of this being done, it would be necessary for the executors or their representatives to be joined in the suit against the surety.

■ As a general rule, before an action can be maintained on an administrator's or executor's bond, there must have been an adjustment of his accounts by the probate court and a finding that a balance is due, or some other finding of a breach of conditions of the bond. Howard v. Jeffrey, Okl., 268 P.2d 897, 899, 44 A.L.R.2d 803.

The Supreme Court of Kansas in Ward v. Krhounek, 151 Kan. 414, 99 P.2d 800, 803, dealt with a suit directly against a surety and said it had been cited to no precedent "and would not expect to find one," where a surety was held liable on an unliquidated delinquency of its principal. In holding plaintiff's collateral attack upon the judgment of a probate court improper, the Kansas court stated, although the probate court was one of limited jurisdiction, its judgments within the scope of its jurisdiction, unappealed and unrevoked, are as binding as those of a court of general jurisdiction.

We take the same view in Wyoming with respect to our probate courts and have said many times that a probate court is not the same as a court of civil jurisdiction; that these courts function in different capacities and each possesses different powers within its separate jurisdiction. Gaunt v. Kansas University Endowment Association of Lawrence, Kansas, Wyo., 379 P.2d 825, 827.

■ In Slover v. Harris, 77 Wyo. 295, 314 P.2d 953, 957, a decree admitting a will to probate was said not to be subject to collateral attack, but to stand as final if not revoked by a "direct" proceeding or reversed on appeal. It follows therefore, in the absence of the decree of distribution in the Ferguson estate having been appealed or reversed, and in the absence of an effort being made to fix and determine the liability of the executors, the probate decree discharging the executors and releasing their bondsman is binding and of full force and effect.

What we are saying relative to the need for the executors or their representatives to be named in an action against their surety, or for a separate suit determining the extent of liability on the part of the executors, or

for a determination of liability in probate, is emphasized in the California case of In re Dwyer's Estate, 168 Cal.App.2d 264, 335 P.2d 718, 721–722, where this was said:

"The surety on the bond of a personal representative of an estate is not liable for the default or misapplication by the personal representative in connection with or of the assets of the estate until the liability of the personal representative has been determined by an order or decree of the probate court, and such order or decree has become final."

■ Appellee has not appealed from the judgment against it. Instead, it has deposited with the clerk of the district court drafts covering payment in full of such judgment. Inasmuch as no relief is sought by appellee from the judgment of the trial court, it is sufficient for us to state the principle that recovery cannot be had against the surety, without first establishing liability against the executors or their representatives, applies equally well to a claim against the surety for interest which claimants believe should have been paid by the executors.

■ In this instance the surety immediately tendered the amount fixed by the trial court as the amount to be made good, and it would not be equitable for us to add interest to its liability in the absence of proper proceedings against representatives of the executors or against the probate decree.

### Attorney Fees For Appellants

■■ Appellants claim attorney fees for services of their attorney in the prosecution of this case. Generally speaking, attorney fees are not recoverable unless there is specific statutory authority therefor, or unless such are provided for by contract. See In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732, 736.

We do not have any statute in Wyoming authorizing the recovery of attorney fees in a suit of this character, and no contract for such is claimed. Authorities relied upon by appellants, in connection with their claim for attorney fees, seem to be from jurisdic-

tions where there is special provision for such. We do not consider these authorities applicable in this jurisdiction.

In the absence of statutes or decisions in Wyoming allowing attorney fees to be charged in cases of this kind, we see no reason for deviation from the ordinary rule that attorney fees are not recoverable unless provided for by contract or authorized by statute. Appellants have shown us no valid reason for departing from this rule in this case.

### Fees Allowed to Executors

Appellants say Maurer and Garst, acting both as executors and attorneys, were entitled to only $3,150.10 whereas they received executors' and attorneys' fees in the total sum of $6,700.38. The appellee contends, in answer to this claim, that Maurer and Garst did special work in addition to that required of them as attorneys for the estate; that they accounted for a larger estate than appellants admit; and that such attorneys were not overpaid in the settlement of the estate.

In any event, the appellee points out, the Ferguson estate was settled, distributed and closed more than seven years before the present action was initiated; that all payments made to the executors for services as such, and for services as attorneys, were confirmed and approved by the probate court. There has been no order in the probate court setting aside or modifying anything such court did.

We need not decide whether the fees allowed to Maurer and Garst were in fact proper or excessive. No complaint can be made in this area in the present lawsuit because the probate court's decree approving the fees and expenses paid became final and cannot be attacked, except in the probate court, or in an action wherein either the executors or their representatives are parties.

What we have already said, in our discussion relative to the subject of interest, demonstrates that the attack upon the payment of fees and expenses is a collateral one and cannot prevail in the absence of a suit or proceeding against the executors or their personal representatives, and in the absence of such executors or their representatives being made a party to the suit. No further authority for this proposition is needed.

Motion was made to dismiss appellants' appeal because of violation of Supreme Court Rule 12. We find a lack of adherence to the requirements of Rule 12(b) and (c), which fully justifies the dismissal of the appeal under the general powers of this court. Dinkelspeel v. Lewis, 50 Wyo. 380, 62 P.2d 294, 65 P.2d 246; 5 C.J.S. Appeal and Error § 1316, p. 239 ff. However, any such ruling would be academic in the light of our disposition of the case on its merits.

Appellants have not shown themselves entitled to any of the relief claimed in connection with their appeal, and the judgment of the district court must be upheld.

Affirmed.