[Civ. No. 6317. Third Appellate District.—February 3, 1940.]

In the Matter of the Estate of CHARLES HENRY MORRIS, Deceased. THE PEOPLE, Appellant, v. GERTRUDE HAZEL MORRIS THOMAS, Administratrix, etc., et al., Respondents.

Earl Warren, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Appellant.

Haight, Trippet & Syvertson and Gerald W. Myers for Respondents.

THOMPSON, J.—The State of California has appealed from an order of the Probate Court of Los Angeles County in the Estate of Charles Henry Morris, deceased, refusing to direct the payment as a priority claim, of sales taxes due to the state under the provisions of the California Retail Sales Tax Act. (Stats. 1933, p. 2599; Deering's Gen. Supp. Laws, 1933, p. 2360, Act 8493.)

Charles Henry Morris died at Los Angeles October 5, 1932, possessed of real and personal property, including a printing business enterprise, together with stock on hand, which was sold to its customers at retail. An administratrix of his estate was duly appointed and qualified. On application to the court, the estate was authorized under section 572 of the Probate Code to operate the business pending the administration of the estate. In carrying on the business the administratrix made sales of tangible personal property prior to May, 1935, rendering the estate liable for the payment of sales taxes in the sum of $603.44, which were not paid. Upon citation to show cause why said taxes should not be paid forthwith as a preferred claim, the court adopted findings and made an order, May 15, 1935, to the effect that said sum was due and owing from the estate to the State of California as necessary ''expenses of administration'', and directed that it be paid in due course of administration. The appellant's application to allow the sales taxes as a *preferred claim* and to direct its immediate payment was denied. From that order the state has appealed. The respondent has filed no brief on appeal.

The only question to be determined is whether taxes due from an estate for retail sales of intangible personal property in the course of operating a business belonging to the estate under the provisions of section 572 of the Probate Code is a preferred claim payable pursuant to section 9 of the California Retail Sales Tax Act, or whether it should

be paid only as ordinary expenses incurred in due course of administration.

We are of the opinion the retail sales taxes which were found to be due from the estate are not to be classified merely as ordinary expenses of administration. ■ On the contrary, they constitute an excise tax imposed by the state for the privilege of conducting a business and for selling at retail tangible personal property. (*People* v. *Herbert's of Los Angeles, Inc.*, 3 Cal. App. (2d) 482 [39 Pac. (2d) 829]; *Roth Drug, Inc.*, v. *Johnson*, 13 Cal. App. (2d) 720, 730 [57 Pac. (2d) 1022]; *Estate of Chesney*, 1 Cal. App. 30 [81 Pac. (2d) 679].) Regarding the nature of a collateral inheritance tax, which is also an impost or excise tax, the court says in the Chesney case, *supra*:

"Such tax is not one of the expenses of administration or a charge upon the general estate of the decedent, but is in the nature of an impost tax or tax upon the right of succession."

The retail sales tax is an excise tax imposed by the state upon every person or estate for the privilege of engaging in the retail business of selling intangible personal property. Section 12 of the act makes it a misdemeanor for a person to engage in the business of selling personal property at retail without first procuring a license to do so. The Retail Sales Tax Act applies to an estate just as it does to an individual. Section 2 (a) defines the word "person" as it is used in that act to also specifically include an estate.

Section 9 of the act provides that retail sales taxes shall become due and payable "on or before the fifteenth day of the month next succeeding each quarterly period" during which the sales occur. Section 18 of that act provides the authority for imposing a ten per cent penalty for failure to pay such sales taxes when due. ■ It is therefore the duty of an administrator to pay those taxes promptly and to thereby save the estate the necessity of incurring the added expense of interest and penalties. Since the prompt payment of retail sales taxes is statutory, a claim by the state therefore is entitled to priority. (*Liberty Mutual Ins. Co.* v. *Johnson Shipyards Corp.*, 6 Fed. (2d) 752, 756.) In the case last cited it is said:

"It has frequently been pointed out that a tax lawfully imposed is not to be regarded as an ordinary debt, but is an

158

obligation which is to be regarded as paramount to all other demands, although the law imposing the tax does not expressly provide that it is to have priority.   These cases proceed upon the theory that the maintenance of the government and the public welfare are so dependent upon the collection of taxes that payment should have precedence over all other claims; and it is thought that taxes levied for the support of government are founded upon a higher obligation than other demands.   See *State of Minnesota* v. *Central Trust Co.,* 94 Fed. 244, 247, 248 [36 C. C. A. 214], and cases there cited.

"The courts have sustained in numerous cases the right to priority of payment of taxes over all other claims.   (Citing numerous authorities.)"

The principle announced in the preceding quotation to the effect that a claim for federal taxes is paramount to ordinary claims for the reason that the very maintenance of the government is dependent on their payment, is peculiarly applicable to the present case and to the payment of excise taxes which are provided for by statute.

The order is reversed in so far as it denies to the state the priority of its claim, and the court is directed to authorize the immediate payment of the ascertained retail sales taxes which are due.

Pullen, P. J., and Tuttle, J., concurred.