CORELL *v.* RELIANCE CORP.

DONNELLY *v.* PINK.

1. APPEAL AND ERROR—RECEIVERS—ACCOUNTS—DISCRETION OF COURT.
   Generally orders of a trial court sustaining objections to and
   settling a receiver's account are discretionary and to justify
   reversal thereof the abuse of discretion must be clear.

2. SAME—DISCRETION OF COURT.
   The discretion of a trial judge will not be reviewed unless it is
   necessary that justice be done but the discretion is not an
   arbitrary one and is to be exercised in accordance with estab-
   lished principles of law and equity.

3. RECEIVERS—COMMINGLING OF FUNDS—FINDING OF COURT—RECORD.
   On review by objectors to allowance of receiver's account, find-
   ing of trial court that his commingling of receivership and
   other funds caused no loss to receivership *held*, supported
   by record.

4. SAME—BURDEN OF PROOF—ACCOUNTS.
   While the receiver is held to the strict responsibility placed
   upon any trustee in the administration of his trust and while
   the burden is on him of sustaining the accuracy and correct-
   ness of his account in the face of exceptions thereto, still the
   examination into his accounts is conducted in a spirit of
   equity, assuming the receiver to be honest until the contrary
   appears, and from the standpoint of benefit or injury to the
   estate rather than of strict and technical adherence to form.

5. SAME—FINDING OF COURT—APARTMENT HOTEL OPERATOR'S COM-
   PENSATION—EVIDENCE.
   Finding of trial court that $500 per month compensation paid
   by receiver to man who devoted full time for nearly a year
   and a half in the operation of a building containing 128
   apartments and 6 stores was fair and reasonable *held*, sup-
   ported by testimony of experienced hotel operator and an
   attorney for a hotel association; hence receiver could not be
   surcharged with any of such amount although employment of
   the operator was made without the court's consent.

6. Same—Employee Hired Without Consent of Court—Sur-
charge—Evidence.

A receiver is surcharged with sum paid an employee where he
was hired by the receiver without the court's consent, did not
appear as a witness, and record does not show the kinds of
service performed by him or the reasonableness of compensa-
tion allowed.

7. Same—Payment of Unauthorized Expenditures.

To obtain approval by the court of an expenditure not previously
authorized to be made, a receiver must show that the expense
was a reasonable one and not within the ordinary duties which
he himself should perform, that the amount paid is fair and
reasonable, and that it has been actually paid in good faith.

8. Same—Mileage for Use of Agents' Automobiles.

Allowance of seven cents a mile for use of agents' cars in re-
ceiver's supervision of an apartment hotel, apartment build-
ings, and homes in large city held, reasonable; hence he may
not be surcharged amount spent therefor.

Appeal from Wayne; Ferguson (Homer), J. Sub-
mitted June 4, 1940. (Docket No. 10, Calendar No.
40,862.) Decided October 7, 1940.

William M. Donnelly presented his final account
as receiver for Reliance Corporation, a Michigan
corporation. Reliance Corporation and Louis H.
Pink, as liquidator of Lloyds Insurance Company of
America and as liquidator of General Indemnity
Corporation of America, entered objections thereto.
Account allowed with certain exceptions. Reliance
Corporation and Louis H. Pink appeal. Modified
and affirmed.

*Oxtoby, Robison & Hull* (*Alfred C. Bennett,
Lester B. Nelson,* and *Justin C. Weaver,* of counsel),
for appellants.

*Roy H. Lockwood* (*Frank W. Atkinson,* of coun-
sel), for receiver.

SHARPE, J. This is an appeal from a decree allowing the accounts of William M. Donnelly as receiver of Reliance Corporation.

The Reliance Corporation is a Michigan corporation with its stock wholly owned by Lloyds Insurance Company of America, a New York corporation. Another affiliate of Lloyds Insurance Company was General Indemnity Corporation of America, an insurance company incorporated under the laws of the State of New York, whose entire stock was owned by Lloyds Insurance Company. The Lloyds Insurance Company and its affiliate, General Indemnity Corporation, failed in the summer of 1933; and under the laws of the State of New York, their assets were taken into the possession of the superintendent of insurance of that State for liquidation. The Lloyds Insurance Company and General Indemnity Company were licensed to do an insurance business in the State of Michigan; and when these companies failed, the commissioner of insurance of the State of Michigan filed separate bills of complaint in Ingham county seeking receiverships for Lloyds Insurance Company and General Indemnity Company. In August, 1933, Horace B. Corell, deputy insurance commissioner of Michigan, was appointed receiver of both companies. Following his appointment, Horace B. Corell, as receiver of Lloyds Insurance Company, filed a bill of complaint in Wayne county seeking the appointment of a receiver for the Reliance Corporation. As the result of the filing of this bill of complaint, William M. Donnelly was appointed receiver for the Reliance Corporation with bond of $25,000. The order provided that "said receiver shall liquidate the business of such corporation and take possession of, collect and receive all the property, choses in action, equitable interests and effects of said Re-

liance Corporation." The sole business of the Reliance Corporation was the ownership and management of several parcels of real estate located principally in Wayne county. The real estate consisted of the Clifford Hotel containing 128 apartments and six stores; several apartment buildings, and homes, valued at approximately $350,000. The Clifford Hotel continued to be operated under the supervision of a resident manager and the apartment houses were supervised by the caretakers who collected the rents and performed the usual duties of caretakers. The receiver employed one John F. Conroy at a salary of $500 per month in addition to free living quarters in the Clifford Hotel to manage the properties.

On March 14, 1935, the receiver filed his first account covering the period from August 21, 1933, to December 31, 1934. On April 16, 1935, the superintendent of insurance of New York filed written objections to the account so filed. On April 27, 1936, an account labeled "supplemental account" was filed by the receiver covering the entire period of the receivership. Objections were filed to the allowance of this account by the New York liquidator of Lloyds Insurance Company in his capacity as a creditor of Reliance Corporation. The Reliance Corporation also filed objections to this account.

March 27, 1937, the trial court filed a written opinion sustaining many objections relating to small items of disbursement that were shown either to be improper or unsupported by a proper voucher or receipt. On April 15, 1938, an order was entered settling and allowing the account of William M. Donnelly as receiver.

Reliance Corporation and the liquidator of Lloyds Insurance Company and General Indemnity Corporation appeal and contend that the receiver was guilty of misconduct in commingling re-

ceivership funds with other funds and the operation of receivership properties with the operation of other properties.

In the opinion of the trial court this objection·is disposed of as follows:

"During the receivership, the General Indemnity Company of America and Lloyds Insurance Company of America had real estate or property in Wayne county, and the receivers of those respective corporations employed the receiver of Reliance Corporation to transact certain business and perform certain services for said corporations. The court is of the opinion that the charge to be made for said services should be the same percentage of income that it has cost the present receiver to transact business in relation to property of the Reliance Corporation. This percentage can be determined from the cost of the present receivership as determined in this opinion. The court finds the same to be $3,932.86. * * *

"The court finds that the commingling and confusion of funds of the respective companies or receiverships, while complicating the accounting of the present receiver, has caused no loss to this receivership owing to the fact that the court is charging these receiverships the same percentage fee for collections, which includes the expenses for all accounting.

"It has been suggested that in case the court in its order allows a less fee for the operation and expense of its receivership than was agreed upon by Lloyds Insurance Company of America, receiver, and General Indemnity Corporation of America, through its liquidator, that the amount so agreed, if in excess, should be allowed. This is true, and the court will permit such excess charges, should that be the fact."

It is the claim of the receiver that an arrangement was entered into with Horace B. Corell, deputy

·insurance commissioner, which worked for simplicity, economy and efficiency in the management of the property; and that having the properties under one management for the purpose of securing tenants and collecting rents was for the best interests of both corporations. The way in which it was handled and the method of accounting is shown by the testimony of Ray Smith, an employee of the receiver of the Reliance Corporation. He testified as follows:

"This central office account is composed of general ·expenses incurred by Mr. Donnelly's office, and they are for the operation of his office, and thereby the management of the properties. Certain general items that were incurred for both properties, that is, that couldn't be allocated to any particular property, were charged to central office expense; and that is made up of office supplies, rent of car, bank charges, postage, traveling, sundry maintenance, auditing, and items of the like. And also I might add the central office salaries, which were composed of John Conroy at one time, at one time Fisher, Mr. Justus, and a clerk they had at the office, a girl bookkeeper. Those items were all included as essential office expense and put into this general pot. The total of this account is arrived at, and the General Indemnity share at one time was 14 per cent., and another time 17. The total of this account for the entire period is $18,798.72. Now, this portion, $3,044.96 was charged to General Indemnity Corporation. In other words, 16 per cent. of the total, approximately 16 plus."

It is a general rule that orders of the circuit court such as are involved in this case are discretionary, and the abuse of discretion must be clear in order to justify the reviewing court in reversing the orders of the trial court. *Furniture Manufacturers Ass'n of Grand Rapids* v. *Grand Rapids Guild of Ex-*

*hibitors,* 268 Mich. 685; *Nissenbaum* v. *Pikstein,* 266 Mich. 28.

In *Dodge* v. *Van Buren Circuit Judge,* 118 Mich. 189, 195, we said:

"It is true that courts hesitate to review the action of a trial judge involving matters of discretion, and will not do so unless it is necessary that justice may be done. * * * 'This discretion, however, is by no means an arbitrary one, and is to be exercised in accordance with established principles of law and equity.' "

In the case at bar the record sustains the finding of the trial court that the commingling "has caused no loss to this receivership."

In 2 Tardy's Smith on Receivers (2d Ed.), p. 1714, it is said:

"While the receiver is held to the strict responsibility placed upon any trustee in the administration of his trust and while the burden is on him of sustaining the accuracy and correctness of his account in the face of exceptions thereto, still the examination into his accounts is conducted in a spirit of equity, assuming the receiver to be honest until the contrary appears, and from the standpoint of benefit or injury to the estate rather than of strict and technical adherence to form."

We think the above rule is the proper one to adhere to in the case at bar and affirm the order of the trial court.

It is next urged that the receiver should be surcharged the sum of $6,000 paid from receivership funds to John F. Conroy. It is conceded that the appointment of Mr. Conroy was without the consent of the court; and that he was paid compensation at the rate of $500 per month for a period of

17⅓ months. Appellants contend that the sum of $4,000 would be a reasonable amount for the services performed by Mr. Conroy. The trial court made the following finding of fact in connection with the services performed by Mr. Conroy:

"The Court is of the opinion that the sum of $500 a month for the services rendered by Mr. Conroy was fair and reasonable, it being shown that his entire time and attention was used in the operation of these buildings; that he was a man of considerable experience in life and business, and that while not particularly experienced in the operation of apartment houses, his hotel experience and general experience in life was such as to give him the qualifications to do a good job for this receiver."

The finding of fact by the trial court as to the necessity and value of Mr. Conroy's services is supported by the testimony of Mr. Walker who had experience in operating hotels under receivership. The substance of his testimony was that the compensation paid Mr. Conroy was very reasonable. Additional support is found in the testimony of John N. Anhut, attorney for the Detroit Hotel Association, who stated that the compensation paid was most reasonable for such services. We are in accord with the finding of the trial court upon this controversial question.

It is also urged that the receiver should be surcharged the sum of $900 paid from receivership funds to H. G. Fisher. The trial court made the following finding of fact: that Mr. Fisher was employed by the week. The record shows that Mr. Fisher was not produced as a witness, nor was any order entered authorizing his employment. We fail to find support in the record showing the kinds of service performed by Mr. Fisher or the reasonable-

ness of the compensation allowed and are constrained to surcharge the sum of $900 to the receiver upon this item.

"To obtain approval by the court of an expenditure not previously authorized to be made, a receiver must show that the expense was a reasonable one and not within the ordinary duties which he himself should perform, that the amount paid is fair and reasonable, and that it has been actually paid in good faith." 53 C. J. p. 159.

It is next urged that the receiver should be surcharged the sum of $509.26 paid from receivership funds to R. Mossman for the use of automobiles. The trial court made the following finding of fact:

"The operation of an apartment house or hotel in Detroit requires constant personal supervision. Transportation is limited other than by automobile. Agents and servants feel that to perform properly their service in Detroit, the transportation by automobile is a necessity. The court agrees with this, that it was not proper management to send agents on slow-moving transportation, causing walks to the various buildings. The cost of hiring taxicabs would have been prohibited [prohibitive?].

"The question now presented to the court is, were the fees reasonable, or should the receiver, in his management, have purchased an automobile? The sum of seven cents per mile was charged for the transportation by the receiver or his agents. This is reasonable, compared to the cost and operation of a private automobile, when you consider storage, repairs, upkeep and depreciation."

We are in accord with and adopt the finding of the trial court upon this item.

We are also in accord with the trial court in its allowance of receivership fees and do not find that

there has been any misconduct upon the part of the receiver in his handling and accounting for funds received as receiver.

The decree of the trial court as modified is affirmed. Appellants may recover costs.

Bushnell, C. J. and Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred. The late Justice Potter took no part in this decision.