[Civ. No. 7660.   Fourth Dist., Div. One.   July 22, 1966.]

SARA KIRK et al., Plaintiffs, v. WILLIAM JOHN KIRK III, Defendant; CHARLES R. LOVELAND, as Receiver, etc., Petitioner and Respondent; UNITED STATES OF AMERICA et al., Objectors and Appellants.

Manuel L. Real and Thomas R. Sheridan, United States Attorneys, Loyal E. Keir, James S. Bay and Robert T. Jones, Assistant United States Attorneys, Thomas C. Lynch, Attorney General, Dan Kaufmann, Assistant Attorney General, Richard S. Cohen and Mario A. Roberti, Deputy Attorneys General, for Objectors and Appellants.

Smith, Prante & Biggins and Martin F. Bloom for Petitioner and Respondent.

BROWN, P. J.—Respondent Charles R. Loveland was appointed by the superior court in August 1961 as receiver for the insolvent Kirk interests. He filed a receiver's cash bond of $10,000. During the receivership the United States of America and State of California Department of Employment filed with that court proof of claims against the insolvent and the receiver amounting to about $53,000 for taxes and unemployment insurance contributions.

In July 1963 the receiver filed his "accounting and report and application by receiver for confirmation of accounts and discharge"; it showed that during the receivership the trust property produced receipts of approximately $153,000, and that the total disbursements exceeded this amount by approximately $25,000. At the hearing pursuant to the receiver's accounting and application for discharge, the appellants, United States (District Collector of Internal Revenue) and the State of California (Department of Employment and State Board of Equalization), objected to this accounting and

report. The superior court considered the objections and, after a continuance, approved the accounting and report, discharged the receiver, exonerated the bond, and ordered the cash bond paid to the receiver. *California and the United States appeal from this order.*

The receiver has moved the appellate court to dismiss these appeals; we continued the motion to be decided along with our determination on the merits of the appeals.

The first issue concerns appellants' standing to object to the accounting. The receiver contends that since appellants originally were not—and did not later become—parties to the receivership cause, they had no standing to object. Further, the receiver urges that appellants failed to comply with section 304.1 of the Code of Civil Procedure, in that they did not receive a court order permitting them to institute an action against a receiver on his bond.

██ It is clear, however, that appellants had standing to object as they did. ██ Their taxation laws placed the receiver under the specific duty to collect and remit taxes with respect to the property entrusted to his management; his bond was conditioned upon a faithful and law abiding performance of these duties. ██ Under federal law, a receiver is personally liable to the United States to the extent he pays other creditors if at such time there are debts owing to the United States (31 U.S.C. §§ 191, 192; *King* v. *United States,* 379 U.S. 329 [85 S.Ct. 427, 13 L.Ed.2d 315]). ██ As a creditor of the receivership estate, each appellant had standing to object to the accounting. (*Cf.,* Code Civ. Proc., § 304.1, *supra; Estate of McMillin,* 46 Cal.2d 121, 127 [292 P.2d 881, 56 A.L.R.2d 1175], which states the well-established rule that a creditor of the estate is "a person interested in the [decedent's] estate" who may object to an administrator's account.) ██ While appellants could have sought a court order (Code Civ. Proc., § 304.1, *supra*) or instituted an independent action against the fiduciary on his bond, the procedure employed here in which the court entertained their objections to the accounting and discharge of the receiver, was sufficient to give standing to appellants in the matter as intervening objectors; any requirement of written objections by appellants was waived. The appellants were interested parties. (Cf., *Estate of Morris,* 37 Cal.App.2d 155 [99 P.2d 294], where there was no dispute that the state had standing; the only question was one of priority.)

The second issue is whether the trial court abused its discre-

tion in accepting the accounting and exonerating the receiver's bond. ■ A receiver is personally liable if he does not give priority to the tax liens of the United States (31 U.S.C. §§ 191, 192, *supra*; *King* v. *United States, supra*, 379 U.S. 329). ■ Further, the withholding and Federal Insurance Contributions Act taxes accruing during the receivership constitute expenses of administration of high priority and are to be held in trust by the receiver for the United States (Cf., *Estate of Dwyer*, 168 Cal.App.2d 264, 267 [335 P.2d 718]). While California is not armed with such formidable statutes imposing personal liability upon a receiver, it is clear that the state sales taxes and unemployment insurance contributions are entitled to high priority in payment (Cf., *Estate of Morris, supra*, 37 Cal.App.2d 155, 157-158).

■ The accounting here is insufficient to discharge the receiver's potential liabilities secured in part by his bond. For example, the accounting shows that many taxable events occurred during the receivership, e.g., sales of goods and services, and payroll expenses, but it does not indicate the amounts of the various taxes, federal and state, which were incurred; also, the assets and liabilities at the beginning and end of the period are not disclosed.

■ It is quite apparent that money is owing to appellants, but it is impossible to determine the amounts from the ineffective accounting. An accurate accounting of the receivership is necessary to give due recognition to these claims of appellants, as well as others implicit in this matter. Accordingly, the order approving and confirming the accounting, discharging the receiver, exonerating the $10,000 cash bond, and returning it to the receiver is reversed with directions to require a proper accounting to protect any rights the appellants have in the receivership. The motion to dismiss these appeals is denied.

Coughlin, J., concurred.