PER CURIAM.
The United States of America (United States) and the State of Florida (State) appeal a final judgment absolving the surety, Auto-Owners Insurance Company, from liability for the receiver’s failure to pay certain tax monies to each government. We reverse.
Several plaintiffs holding mortgages on country club property filed a petition for the appointment of a receiver to continue the business. The trial court granted the petition, effective June 25, 1975, and appointed Frank Mize Jr., receiver of the financially troubled club. The receiver was ordered to “attempt” to keep the property in a good state of repair and “pay taxes and assessments on said property, such payments to be made from the profits or proceeds collected or from amounts which plaintiffs [those who petitioned for the receivership] may invest in advance to protect the premises.” The receiver’s bond, provided by the surety, read in part:
THE CONDITION OF THIS BOND is that if Frank W. Mize, Jr. shall pay all costs that result from Frank W. Mize, Jr.’s failure to faithfully perform his duties as Receiver, then this bond is void; otherwise, it remains in force.
On May 2,1977, the receivership was terminated effective February 15, 1977. The United States filed claims against the surety for certain taxes accruing during the receivership: federal withholding of income, social security (Federal Insurance Contributions Act or FICA), and unemployment (Federal Unemployment Tax Act or FUTA). Similarly the State claimed it was entitled to sales tax monies. The trial court ruled that Mize performed his duties in good faith with ordinary care and held neither Mize nor his surety liable for the claims. The evidence clearly supports the finding that Mize operated the business in good faith in an effort to save the business.
First, we agree with the State’s assertion that sales tax monies are state funds from the moment of collection; and therefore, the receiver was obligated to pay these monies to the state before he used them to pay other indebtedness. A receiver has the statutory duty to collect and remit sales tax. §§ 212.02(1), 212.06, Fla.Stat. (1977). Here, Mize collected sales tax from purchasers but deposited the funds in a *19 general account, ultimately spending the money on other indebtedness to continue the business. Nonetheless, the taxes became state funds from the moment of collection. § 212.15(1). The sales tax is in the nature of a privilege tax to do business. §§ 212.05, 212.07(1). Although the business operated at a loss, the receiver was obligated by law to account for these trust funds collected by the receiver in the course of continuing the business. We disagree with the surety’s argument that it is relieved of liability because Mize exercised good faith. If a receiver fails to perform his lawful duties, then the loss occasioned by the breach of duty is covered by the receiver’s faithful performance bond. See generally State v. Stewart, 272 Cal.App.2d 345, 77 Cal.Rptr. 418, 422-423 (1969); In the Matter of Jack Lopez Wholesale Shirt Laundry, Inc., 435 F.Supp. 1031, 1033, 1035 (E.D.Pa.1977). Further, the court order appointing Mize and delineating his duties did nothing to relieve the receiver of his lawful obligations. In determining the amount of the surety’s liability, the receiver should be credited for the sales tax payments he made for taxes accruing before the receivership. Thus, we remand for further proceedings, including the taking of additional evidence regarding the proper amount of liability, because the trial judge apparently considered the surety’s liability a threshold issue, and therefore the record fails to show the amounts improperly credited.
As to the United States, we also reverse and remand. Income taxes are to be withheld upon making the payment of wages,[1] as are employee FICA taxes.[2] These funds, collected and withheld by a receiver are held in trust for the United States. 26 U.S.C.A. § 7501(a). Thus, the failure to pay these monies to the United States is also a breach of the receiver’s duties under the receiver’s surety bond. See generally In re Dwyer’s Estate, 168 Cal.App.2d 264, 335 P.2d 718 (1959). As to employer FICA taxes and FUTA taxes, the receiver, as an employer, is statutorily required to pay these to the United States. 26 U.S.C.A. § 3102, § 3301, et seq. The evidence fails to show that funds were unavailable to pay these taxes when due or anytime thereafter. On the contrary, the business showed a substantial cash flow and managed to conduct business for over a year. Thus, here also, the record fails to show other than a clear breach of a statutory duty. See generally In the Matter of Jack Lopez Wholesale Shirt Laundry, Inc., supra. However, the receiver is also entitled to credit for any federal taxes paid by the receiver but which accrued before the receivership.
Reversed and remanded for further proceedings consistent with this opinion.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.

. 26 U.S.C.A. § 3402(a).

. 26 U.S.C.A. § 3102(a).