VAN NORTWICK, J.
In this workers’ compensation appeal, Mauricio Garcia-Lopez, Claimant, challenges an order of the Judge of Compensation Claims (JCC) denying his claim for temporary disability benefits. Affordable Plumbing/Vinings Insurance Co., the Employer/Carrier (E/C), cross appeals the JCC’s grant of certain temporary partial disability benefits. Claimant, a minor, injured his back on August 28, 2008, while working for Affordable Plumbing in violation of federal immigration laws and section 450.061(l)(f), Florida Statutes (2008), prohibiting employment of children under the age of sixteen in heavy work in the building trades. The JCC found that Affordable Plumbing employed Claimant through an intermediary, also an employee of Affordable Plumbing, who Claimant testified was aware of his age and was responsible for bringing him to the United States from Mexico unlawfully for the purpose of working for the employer in Jacksonville. After Claimant was injured carrying a heavy boiler at a construction site, the E/C eventually authorized medical care, but denied a claim for temporary disability benefits based, in part, on the contention that Claimant had no wages to establish an average weekly wage because Claimant did not report his wages for federal income tax purposes. For the reasons that follow, we reverse the issues raised on appeal and affirm the issues raised on cross appeal.
The JCC concluded that Claimant’s unrefuted testimony that he filed an income tax return did not constitute competent substantial evidence that Claimant reported his wages for federal income tax purposes unless the documents Claimant testified he filed with the Internal Revenue *1026 Service were also introduced into evidence. This was error. Although section 440.02(28), Florida Statutes (2008), defines wages as those “wages earned and reported for federal income tax purposes,” nothing in section 440.02(28), or elsewhere in the Workers’ Compensation Law, requires that a tax return be introduced into evidence. The JCC did not reject Claimant’s testimony as untruthful, but invoked the best evidence rule to conclude that Claimant’s testimony was not competent substantial evidence that Claimant reported his wages. This was erroneous because the best evidence rule addresses the admissibility of evidence, not its weight. See § 90.952- 954, Fla. Stat. (2008). In addition, the E/C did not object to Claimant’s testimony based on the best evidence rule. The JCC allowed Claimant to testify concerning his efforts to report his wages, only informing the parties after the evidence had closed that nothing short of the actual tax return would suffice to prove that Claimant had reported his wages. We therefore reverse the JCC’s finding that Claimant did not have wages as defined in section 440.02(28), and remand for further proceedings.
To provide guidance to the JCC on remand, we note that the definition of wages in section 440.02(28) does not state that wages reported for federal income tax purposes include only those wages reported by an employee. In Fast Tract Framing, Inc. v. Caraballo, 994 So.2d 355 (Fla. 1st DCA 2008), we held that “unreported income does not qualify as ‘wages earned and reported for federal income tax purposes’ and cannot be the basis for calculating average weekly wage under section 440.14, Florida Statutes.” Id. at 356. The argument advanced by the claimant in Fast Tract was that the definition of wages in section 440.02(28) should be read as including only those wages reported by the employee to the employer instead of to the Internal Revenue Service. Id. at 357. This court rejected that assertion, but did not decide what effect an employer’s reporting, or lack of reporting, of an employee’s income for federal tax purposes has on the average weekly wage calculation. In Fast Tract, neither the employee nor the employer reported the claimant’s income. Id. at 356.
Federal law requires employers to report and withhold taxes from wages paid to employees. See, e.g., 26 U.S.C. §§ 3402(a), 3403 (2008); United States v. Assoc. Developers of Fla., Inc., 400 So.2d 17, 19 (Fla. 1st DCA 1980). Proof that wages have been reported for federal income tax purposes by the employee or the employer therefore satisfies the plain language of the statute. Indeed, a presumption arises on payment of wages that the employer has withheld an appropriate amount as income taxes. Pacific Pools Constr. Co. v. McClain’s Concrete, 101 Nev. 557, 706 P.2d 849, 852 (1985) (citing United States v. Abrahams, 312 F.Supp. 1035 (S.D.N.Y.1970)).* Consequently, we regard as dicta any language in Fast Tract suggesting that only wages reported by the employee may be included in the statutory definition of wages.
We affirm without further comment the JCC’s finding, challenged by the E/C on cross appeal, that Claimant is entitled to temporary partial disability benefits from August 29, 2008, to April 14, 2010. The amount of those benefits will, of course, depend upon determination of Claimant’s average weekly wage on remand. Although the JCC’s award of additional compensation against the employer alone, pursuant to section 440.54, Florida Statutes *1027 (2008), has not been challenged on cross appeal, the amount of that award was based on the amount of temporary partial disability benefits awarded and may also be revisited on remand.
REVERSED and REMANDED for further proceedings consistent with this opinion.
PADOVANO, and HAWKES, JJ., concur.

 We need not decide in this case whether an employee may rely upon this presumption to prove compliance with the reporting requirement of section 440.02(28).