Filed 11/26/14  Tahir v. Budihalim CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| **KARIM H. TAHIR et al.,** | |
| **Plaintiffs and Appellants,** | A140231 |
| **v.** | (San Francisco County Super. Ct. No. |
| **JIMMY BUDIHALIM,** | CGC10504897) |
| **Defendant and Respondent.** | |
| _____/ | |

Appellants Karim H. Tahir and Liana Tahir (collectively, Tahirs) appeal from the trial court's order approving a receiver's final accounting.  The Tahirs contend the court erred by denying their requests "for equitable relief" when it approved the final accounting.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The Tahirs and respondent Jimmy Budihalim jointly owned real property on: (1) 10th Street in San Francisco (10th Street); (2) Milvia Street in Berkeley (Milvia Street); and (3) Blake Street in Berkeley (Blake Street).  The Tahirs sued Budihalim, seeking to void his interest in 10th Street, among other things.[1]  Budihalim cross-claimed for, among

---

[1]     The parties' interest in a fourth property, on 10th Street in Berkeley, is not relevant to this appeal.  Tara Tahir, a defendant in the trial court, is not a party on appeal.  We recite only those facts relevant to the issues on appeal.

other things, a partition of 10th Street, an accounting of the jointly-owned properties, and the appointment of a receiver.

In a settlement agreement executed following a mediation: (1) the Tahirs agreed to pay Budihalim $66,500 to purchase his interest in 10th Street; and (2) the parties agreed to list Milvia and Blake Streets for sale. As relevant here, the settlement agreement provided, "[e]ach party shall be entitled to reimbursement of their respective pro-rata share" of the jointly-owned properties. At Budihalim's request, the court appointed a receiver with authority to sell Milvia and Blake Streets and to distribute the sale proceed residue "among the Parties in proportion to their interests; and in conformity with the . . . Settlement Agreement[.]"

When the receiver was appointed, the Tahirs owned 50 percent of Blake Street and 75 percent of Milvia Street. Budihalim owned 50 percent of Blake Street and 25 percent of Milvia Street. After the court appointed the receiver, the parties stipulated the Tahirs would purchase Budihalim's interest in Milvia Street and Blake Street. The parties also stipulated — pursuant to the settlement agreement — the Tahirs would purchase Budihalim's remaining interest in 10th Street, with the purchase amount being offset by an agreed amount. The court approved the stipulation.

Milvia and Blake Streets sold and both parties submitted claims to the receiver. Among other things, the Tahirs sought $112,720.63 from the sale of Milvia Street, contending Budihalim had transferred his ownership interest in that property to them. The receiver denied this claim, concluding it predated the settlement agreement. The Tahirs also sought $144,500 from the sale of Blake Street, claiming Budihalim was liable for a loan on that property. The receiver denied this claim, concluding it predated the settlement agreement, Budihalim was not a signor on the promissory note, and the Tahirs did not offer "'satisfactory evidence' [Budihalim] 'received funds from'" the loan on the property.

The receiver moved for an order: (1) approving and settling the receiver's final report and accounting; (2) approving the receiver's final compensation and reimbursement of costs; (3) exonerating all bonds; (4) approving and ratifying the

2

receiver's acts and transactions; and (5) retaining jurisdiction regarding the receivership estate. The receiver recommended distributing the proceeds of the sale of Milvia and Blake Streets, concluding Budihalim was entitled to $369,734.12 for his interest in Milvia, Blake and 10th Streets and the Tahirs should pay Budihalim $43,790.99. The Tahirs opposed the receiver's motion for approval. They argued: (1) they were entitled to all proceeds from the sale of Milvia Street; (2) Budihalim was liable for a portion of the loan on Blake Street; (3) Budihalim should produce certain income and expense and year-end statements for Milvia and Blake Streets; and (4) they should receive an unspecified amount from the sums held by the receiver.

The court issued an order: (1) approving the receiver's final accounting and report; (2) approving fees, and reimbursable expenses and costs for the receiver; (3) requiring the receiver to pay Budihalim $321,918.63 from the receivership trust account; (4) requiring the Tahirs to pay $45,728.24; and (5) determining the receiver's "actions were right and proper and in the best interest of the Receiver Estate."[2]

## DISCUSSION

The Tahirs contend the court erred by denying their request for "equitable relief" regarding Milvia and Blake Streets. They do not identify the standard of review. "A Receiver is but the hand of the court to aid it in preserving and managing the property for the benefit of those to whom it may be ultimately determined it belongs. [Citations.] A trial court . . . has broad discretion to confirm the accounting of the Receiver. [Citations.]" (*Stewart v. State of California* (1969) 272 Cal.App.2d 345, 350.) We review the court's order for abuse of discretion. (*City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905, 931 ["[t]ypically . . . court rulings on receivership matters are afforded considerable deference on review"].) "'Our view of the facts must be in the light most favorable to the order and we must refrain from exercising our judgment retrospectively.' [Citations.]" (*Id.* at p. 1044.)

---

[2] It appears the court held a hearing on the receiver's motion, but the appellate record does not include a transcript.

The Tahirs contend the court erred by concluding they "were not entitled to equitable relief on the sale of the Milvia property." According to the Tahirs, equity demanded Budihalim "take nothing for the sale of the Milvia property." We are not persuaded. The Tahirs cite *Blume v. MacGregor* (1944) 64 Cal.App.2d 244 and Civil Code section 3541, but neither authority applies here. The Tahirs have not argued — and cannot establish — the court erred by approving the receiver's final report, which denied their claim regarding Milvia Street. We also reject the Tahirs' contention the court made a mistake of law by denying them equitable relief on Milvia Street. The trial court's judgment is presumed correct, and the Tahirs have the "burden to overcome [this] presumption by demonstrating reversible error." (*Lewis v. City of Benicia* (2014) 224 Cal.App.4th 1519, 1523, fn. 3.) Merely stating the court made a mistake of law does not satisfy this burden.

Next, the Tahirs argue the court should have granted them "equitable relief . . . as to . . . Blake Street" because Budihalim was liable for the loan they obtained on the property. We reject this argument because it is unsupported by authority. (*Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007 [failure to support contention with authority "constitutes a waiver of the issue on appeal"].) We also conclude the Tahirs have not demonstrated the court abused its discretion by approving the receiver's final report, which denied their claim regarding Blake Street. Disagreeing with the court's order and providing an alternate view of the evidence does not demonstrate an abuse of discretion. (See *O'Donoghue v. Superior Court* (2013) 219 Cal.App.4th 245, 269.)

## DISPOSITION

The court's September 12, 2013 order is affirmed. Respondent Jimmy Budihalim is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

4

               _____

               Jones, P.J.

We concur:

_____

Needham, J.

_____

Bruiniers, J.